DECISION AND JUDGMENT ENTRY
{¶ 1} Ricky D. Dunn appeals the judgment of the Pickaway County Court of Common Pleas denying his petition for postconviction relief. Dunn maintains that he is entitled to postconviction relief because the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, establishes a new state right that applies to him. Specifically, he argues that the trial court's imposition of consecutive, more than minimum sentences for his convictions based upon facts neither admitted by him, nor found by a jury, violates his Sixth Amendment rights based upon the Ohio Supreme Court's decision inFoster, as well as decisions of the United States Supreme Court inApprendi v. New Jersey (2000), 530 U.S. 466; Blakely v. Washington
(2004), 542 U.S. 296; and United States v. Booker (2005), 543 U.S. 220. Because we find that Dunn's case was not on direct review when the Court decided Foster, we find that Foster has *Page 2 
no application here. Additionally, because we find that Dunn failed to timely file his petition for postconviction relief or satisfy the statutory requirements for filing a delayed petition, we cannot find that the trial court abused its discretion by denying Dunn's petition. Accordingly, we overrule his assignments of error and affirm the trial court's judgment.
 {¶ 2} In January 1997, a Pickaway County Grand Jury indicted Dunn for: (1) aggravated burglary in violation of R.C. 2911.11, a felony of the first degree; (2) rape in violation of R.C. 2907.02, a felony of the first degree; (3) kidnapping in violation of R.C. 2905.01, a felony of the first degree; (4) felonious assault in violation of R.C. 2903.11, a felony of the second degree; and (5) theft in violation of R.C. 2913.02, a felony of the fifth degree. Dunn entered not guilty pleas to all five counts.
 {¶ 3} At trial, the jury found Dunn not guilty of the felonious assault charge and guilty of the remaining four counts. Upon Dunn's motion, the trial court merged the kidnapping count with the rape count. The court found by clear and convincing evidence that he was a sexual predator under R.C. 2950.09. Finding that Dunn committed the worst form of his offenses, and that the shortest prison term would demean the seriousness of Dunn's offenses and would not adequately protect the public from future crime, the court imposed the maximum sentence for each conviction — ten years imprisonment for aggravated burglary; ten years imprisonment for rape; and one year imprisonment for theft. Moreover, upon finding that the harm Dunn caused was so great or unusual that no single prison term for any of the offenses *Page 3 
committed as part of a single course of conduct adequately reflected the seriousness of Dunn's conduct, the court ordered Dunn to serve his sentences consecutively.
 {¶ 4} Dunn timely appealed his convictions. We overruled each of his four assignments of error and affirmed the judgment of the trial court.State v. Dunn (June 17, 1998), Pickaway App. No. 97CA26. Thereafter, Dunn filed a series of motions requesting various portions of his trial transcript and copies of certain evidence, which the trial court denied. Dunn then filed an unsuccessful motion for leave to file a delayed appeal before the Ohio Supreme Court. State v. Dunn (1999),86 Ohio St.3d 1440. In June 2004, Dunn moved the court to reduce or modify his sentence pursuant to Crim.R. 33(A)(4). The trial court denied the motion. Dunn then filed an application for DNA testing pursuant to R.C.2953.71 to 2953.81. Again, the trial court denied Dunn's motion.
 {¶ 5} In Dunn's most recent filing, a petition for post conviction relief[1], he asserts that the Ohio Supreme Court's decision inState v. Foster establishes a new state right that applies to him. Specifically, he argues that the trial court's imposition of consecutive, more than minimum sentences for his convictions based upon facts neither admitted by him, nor found by a jury, violates his Sixth Amendment rights based upon the Ohio Supreme Court's decision inFoster, as well as decisions of the United States Supreme Court inApprendi v. New Jersey; Blakely v. Washington; and United States v.Booker. Quoting the Ohio Supreme Court's holding in Foster at paragraph seven of the *Page 4 
syllabus, the trial court found that: "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.'" Therefore, the trial court denied Dunn's petition.
 {¶ 6} Dunn appeals, raising the following assignments of error: I. "Minimum sentences are required for first time offender's (sic) when the Mitigating facts were [NOT] (emphasis sic) found by a jury, or admitted by the defendant." II. "Concurrent sentences are required when the Mitigating Facts were [NOT] (emphasis sic) found by a jury, or admitted by the defendant."
 I. {¶ 7} On appeal, Dunn asserts that the Ohio Supreme Court's decision in Foster required the court to grant his petition for postconviction relief, vacate his sentence, and resentence him to minimum concurrent sentences.
 {¶ 8} We review a trial court's decision granting or denying a postconviction petition for abuse of discretion. State v. Gondor, ___ Ohio St.3d ___, 2006-Ohio-6679, at ¶ 58. An abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. In applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re Jane Doe I (1991),57 Ohio St.3d 135, 137-138, citing Berk v. Matthews (1990), 53 Ohio St.3d 161,169. *Page 5 
 {¶ 9} "[A] postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment."State v. Calhoun (1999), 86 Ohio St.3d 279, 281. (Citations omitted.) The statute creating the right to postconviction relief authorizes a court of common pleas to consider a petition for postconviction filed within 180 days after the trial transcript is filed in the petitioner's direct appeal. R.C. 2953.21(A)(2). Here, the record demonstrates that the transcript in Dunn's direct appeal was filed on September 12, 1997. Dunn filed his petition for postconviction relief on April 6, 2006, more than eight and one-half years after the filing of the transcript in his direct appeal. Therefore, his petition is not timely.
 {¶ 10} Further, R.C. 2953.23(A)(1) permits a trial court to consider a delayed petition for postconviction relief only if both of the following apply:
 (a)Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b)The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 11} A court has no jurisdiction to entertain an untimely petition for postconviction relief unless the petitioner makes the showings required by R.C. *Page 6 2953.23(A). State v. Gibson, Washington App. No. 05CA20,2005-Ohio-5353, at ¶ 10, citing State v. Carter, Clark App. No. 03CA-11, 2003-Ohio-4838, citing State v. Beuke (1998), 130 Ohio App.3d 633, andState v. Owens (1997), 121 Ohio App.3d 34; State v. McGee, Lorain App. No. 01CA007952, 2002-Ohio-4249, appeal not allowed, 98 Ohio St.3d 1409,2003-Ohio-60; State v. Hansbro, Clark App. No. 2001-CA-88, 2002-Ohio-2922. See, also, State v. Franks, Franklin App. No. 04AP-1370,2005-Ohio-5923, citing State v. Halliwell (1999), 134 Ohio App.3d 730.
 {¶ 12} Dunn contends that, based upon the Ohio Supreme Court's holding in Foster, his sentence is contrary to law. He maintains that Foster creates a new federal or state right that applies retroactively to individuals in his situation.
 {¶ 13} In Foster, the Ohio Supreme Court considered the constitutionality of Ohio's sentencing statutes in light of the United States Supreme Court's holdings in Blakely v. Washington (2004),542 U.S. 296 and Apprendi v. New Jersey (2000), 530 U.S. 466. The Court found that, under Blakely and Apprendi, R.C. 2929.14(B), R.C.2929.14(E)(4) and R.C. 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violated the Sixth Amendment to the extent that they required judicial fact finding. Foster, supra, at paragraphs one through seven of the syllabus. In constructing a remedy, the Foster Court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id. The Court then held that the cases before the Court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the Court's opinion. Id. at ¶ 104. Consistent with the *Page 7 
United States Supreme Court's holding in United States v. Booker (2005),543 U.S. 220, the Foster Court only applied its holding retroactively to cases that were then pending on direct review or not yet final.Foster at ¶ 106.
 {¶ 14} Dunn's case was not on direct review when the Ohio Supreme Court decided Foster. The record clearly reflects that Dunn's conviction and sentence were already final because the court rendered a judgment of conviction and sentenced Dunn in 1997, we ruled upon Dunn's direct appeal in 1998, the Ohio Supreme Court denied Dunn's motion for leave to file a delayed appeal, and the time for filing a petition for certiorari elapsed. See Griffith v. Kentucky (1987), 479 U.S. 314, 321 at fn. 6, citing United States v. Johnson (1982), 457 U.S. 537, 542, at fn. 8, citing Linkletter v. Walker (1965), 381 U.S. 618, 622, at fn. 5. Instead, Dunn's appeal is before this court upon the trial court's denial of his petition for postconviction relief. But, because the United States Supreme Court's decisions in Apprendi, Blakely,Booker, and their subsequent Ohio counterpart, Foster, did not create any new constitutional rights that apply retroactively to cases that are not on direct review, they cannot satisfy the first condition of R.C.2953.23(A)(1). State v. Barney, Meigs App. No. 05CA11, 2006-Ohio-4676, at ¶ 8-¶ 11. Thus, Dunn failed to satisfy the first condition of R.C.2953.23(A)(1).
 {¶ 15} Even if we were to assume, arguendo, that Dunn satisfied the first condition of R.C. 2953.23(A)(1), he cannot satisfy the requirements of R.C. 2953.23(A) (1 )(b) because: (1) he does not allege that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the convicted offenses; and (2) R.C.2953.23(A)(1)(b) limits the delayed review of sentencing errors to those *Page 8 
involving death sentences, and the trial court did not sentence Dunn to death. State v. Wilson, Lawrence App. No. 05CA22, 2006-Ohio-2049, at ¶ 15, citing State v. Barkley, Summit App. No. 22351, 2005-Ohio-1268. Thus, Dunn failed to satisfy the statutory requirements for filing a delayed petition for postconviction relief.
 {¶ 16} "`[O]nce a court has determined that a petition is untimely, no further inquiry into the merits of the case is necessary.'" State v.Wilson, Lawrence App. No. 05CA22, 2006-Ohio-2049, at ¶ 16, citingState v. McCain, Pickaway App. No. 04CA27, 2005-Ohio-4952. Hence, we cannot find that the trial court abused its discretion in denying Dunn's petition. Accordingly, we overrule each of Dunn's assignments of error and affirm the judgment of the trial court, albeit for different reasons than those set forth in the trial court's decision and entry.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED, and that costs herein be taxed to Appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J.: Concurs in Judgment Only.
Abele, J.: Concurs in Judgment and Opinion.
[1] Dunn's filing included both a "PETITION FOR POSTCONVICTION RELIEF PURSUANT TO R.C. § 2953.23" and a "PETITION TO VACATE OR SET ASIDE SENTENCE" pursuant to R.C. 2953.23. Both of Dunn's petitions seek postconviction relief pursuant to R.C. 2953.21, and Dunn filed a single memorandum in support of both petitions. Therefore, for purposes of this decision we shall refer to Dunn's petitions for postconviction relief as a singular petition. *Page 1