[Cite as *State v. Lewis*, 2013-Ohio-1327.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY


STATE OF OHIO, : 

   Plaintiff-Appellee, : Case No.   11CA29

   vs.

: 

MICHAEL N. LEWIS,            DECISION AND JUDGMENT ENTRY
AKA MARCEL WOODS : 

   Defendant-Appellant. : 

_____

APPEARANCES:

COUNSEL FOR APPELLANT:    Michael N. Lewis, #05221-087, Federal Correctional
                                  Institution Gilmer, P.O. Box 6000, Glenville, West Virginia
                                  26351

COUNSEL FOR APPELLEE:    J.B. Collier, Jr., Lawrence County Prosecuting Attorney,
                                  and Robert C. Anderson, Lawrence County Assistant
                                  Prosecuting Attorney, Lawrence County Courthouse, One
                                  Veterans Square, Ironton, Ohio 45638

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 2-4-13
ABELE, J.

{¶ 1} This is an appeal from a Lawrence County Common Pleas Court judgment that

denied a petition for postconviction relief filed by Michael N. Lewis, a.k.a. Marcel Woods,

petitioner below and appellant herein.

{¶ 2} Appellant assigns the following error for review[1]:

---

    [1] Appellant's brief does not set out assignments of error as    App.R. 16(A)(3) requires.    Thus, we treat his "Issue
Number One" from the table of contents as an assignment of error.

FIRST ASSIGNMENT OF ERROR:

"THE COURT OF COMMON PLEAS COMMITTED ERROR
WHEN IT DENIED AND SUMMARILY DISMISSED
APPELLANT [sic] HABEAS CORPUS PETITION [sic]<sup>2</sup>
AVERING TO A COGNIZABLE CONSTITUTIONAL CLAIM
RELYING ON NEWLY DISCOVERED EVIDENCE IN
VIOLATION OF DUE PROCESS PROTECTIONS AND,
ARTICLE [sic] §16 OF THE OHIO CONSTITUTION[.]"

{¶ 3} In 2004, appellant pled guilty to the possession of crack cocaine, possession of powder cocaine, trafficking in powder cocaine and trafficking in crack cocaine. The trial court sentenced him to serve four years on each count, to be served concurrently. Appellant, however, did not appear to begin serving his sentences. No appeal was taken from that judgment.

{¶ 4} Prior to reporting for the execution of those sentences, appellant was arrested, tried, convicted and sentenced to prison at the Gilmer Federal Correctional Institution in Glenville, West Virginia. Appellant remains an inmate to this day.

{¶ 5} Appellant filed a number of challenges to his conviction and sentence, including a 2007 motion to withdraw his guilty plea. The trial court overruled that motion and we affirmed. See State v. Lewis, Lawrence App. No. 08CA10, 2008-Ohio-4888. Appellant commenced the instant proceedings on October 4, 2011 with a petition to vacate his conviction on grounds of prosecutorial misconduct. Appellant argued that the State withheld exculpatory evidence from the defense. On November 10, 2011, the trial court denied appellant's petition. This appeal

---

<sup>2</sup> Although appellant's "assignment of error" casts his petition as one for habeas corpus, he filed below a petition "to vacate or set aside" the judgment of conviction and sentence and asked "for postconviction relief pursuant to R.C. 2953.21." When a petition is filed asking for a judgment to be set aside on Constitutional grounds, courts typically treat it as a motion for postconviction relief. See e.g. State v. Dunn, Pickaway App. No. 06CA18, 2007-Ohio-1018, at ¶5, fn.1. Thus, we disregard appellant's characterization of this proceeding as one in habeas corpus and treat it as postconviction relief.

followed.

{¶ 6}   Appellant argues in his "assignment of error" that the trial court erred by overruling his petition for postconviction relief. We disagree.

{¶ 7}   R.C. 2953.21(A)(2) requires a petition for postconviction relief be filed no later than one hundred eighty (180) days after the expiration of time for filing a notice of appeal. Appellant's judgment of conviction and sentence was filed in 2004.   Appellant filed his petition for postconviction relief in 2011, some seven (7) years outside the one hundred eighty (180) day statutory time frame.

{¶ 8}   The trial court could have considered appellant's petition if he could show, inter alia, that but for the error, no reasonable fact-finder would have found him guilty of the offense for which he was convicted. R.C. 2953.23(A)(1)(b).   Appellant, however, could not satisfy this requirement because (1) he pled guilty, and (2) there was no trial and, consequently, no trial transcript.   In the absence of a transcript and a record of the evidence the State had against him, it is not possible for a court to determine that a reasonable fact-finder would have not found him guilty.   Once again, in the instant case appellant entered, and the trial court accepted, a guilty plea.

{¶ 9}   Much of appellant's argument is based on the contention that he has newly discovered evidence to prove his innocence.   We, however, again note that appellant pled guilty to the charges against him and that his plea constitutes a complete admission of guilt. Crim.R. 11(B)(1).   Although appellant subsequently attempted to withdraw his guilty plea, the trial court denied his request and we affirmed.

{¶ 10}  Second, appellant's "newly discovered evidence" purports to be an affidavit from a

"Jerry Totts." Totts attests that during a 2004 raid, he told police that the drugs they seized belonged to him rather than to appellant. To the extent that this information was available in 2004, and the issue could have been raised on direct appeal, it cannot now be raised for purposes of postconviction relief under the doctrine of res judicata. See e.g. State v. Reynolds (1997), 79 Ohio St.3d 158, 161, 679 N.E.2d 1131; State v. Lentz (1990), 70 Ohio St.3d 527, 529, 639 N.E.2d 784; State v. Juliano (1970), 24 Ohio St.2d 117, 119, 265 N.E.2d 290. We also fail to see how this information is "newly discovered" simply because it appears in a 2011 affidavit. The only thing "new" is the purported affidavit. Jerry Totts was arrested in the same raid as the appellant and this could well have caused the court to view the "Totts affidavit" with more than just a little suspicion. In State v. Calhoun (1999), 86 Ohio St.3d 279, 714 N.E.2d 905, at paragraph one of the syllabus, the Ohio Supreme Court held that trial courts may weigh the credibility of affidavits submitted in support of petitions for postconviction relief. Reviewing courts have long accepted the notion that an appellant's self-serving affidavit can be rejected as not credible, see e.g. State v. Rinehart, Wood App. No. No. WD-08-015, 2010-Ohio-2259, at ¶8; State v. Haschenburger, Mahoning App. No. 08-MA-223, 2009-Ohio-6527, at ¶46; State v. Isbell, Butler App. No. CA2003-06-152, 2004-Ohio-2300, at ¶14. The Calhoun case also involved the appellant's mother's affidavit, which the Supreme Court also said could be rejected as not credible. Thus, the principle applies as much to affidavits submitted on behalf of an appellant as it does to an appellant's own self-serving affidavit.

{¶ 11} When a petition for postconviction relief is denied without a hearing, we review a trial court's judgment for an abuse of discretion. State v. Fisk, Washington App. No. 11CA4, 2011-Ohio-6116, at ¶6. An "abuse of discretion" is more than an error of law or judgment;

rather, it implies that the court's attitude was unreasonable, arbitrary or unconscionable. State v. Herring (2002), 94 Ohio St.3d 246, 255, 762 N.E.2d 940; State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. When reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. State ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181.

{¶ 12} As mentioned previously, this petition is out of rule and appellant did not satisfy the statutory criteria for late consideration. The fact that appellant pled guilty to the offenses renders the Totts affidavit superfluous as he has already admitted culpability for the four offenses. Finally, the self-serving nature of the Totts affidavit makes quite probable the trial court rejected it as having no credibility whatsoever.

{¶ 13} For all these reasons, we hereby overrule appellant's "assignment of error" and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *State v. Lewis*, 2013-Ohio-1327.]

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.          McFarland, P.J. & Kline, J.: Concur in Judgment & Opinion                                                                For the Court


BY:_____
Peter B. Abele, Judge


NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.