[Cite as *State v. Daniels*, 2019-Ohio-2274.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-10-194 |
| | : | O P I N I O N |
| - vs - | | 6/10/2019 |
| | : | |
| MARK DANIELS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2011-07-1177

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Mark Daniels, #A734737, Noble Correctional Institution, 15708 McConnelsville Road, Caldwell, Ohio 43724, appellant, pro se

**RINGLAND, P.J.**

{¶ 1} Appellant, Mark Daniels, appeals the decision from the Butler County Court of Common Pleas denying his postsentence motion to withdraw his guilty plea. For the reasons stated below, we affirm the decision.

{¶ 2} In September 2011, appellant was indicted for four felony offenses: aggravated vehicular homicide, a second-degree felony, and three counts of vehicular assault, third-

degree felonies. These charges resulted from a two-vehicle, automobile collision in which appellant's brother died and the occupants of the other vehicle suffered serious injuries. In March 2012, appellant pled guilty to an amended charge of third-degree attempted aggravated vehicular homicide and the three vehicular assault charges. Then, in May 2012, the court sentenced appellant to community control for a period of five years.

{¶ 3} While serving his sentence, appellant violated the terms and conditions of community control in three separate instances. For the first and second violations, the court decided to continue appellant on community control. In April 2017, after the third violation, the court terminated appellant's community control and ordered appellant serve a ten-year prison term.

{¶ 4} In March 2018, appellant filed a motion to withdraw his guilty plea. In his motion, appellant argued that his plea was invalid for two reasons: the prosecutor failed to provide exculpatory evidence and he received ineffective assistance of counsel. The trial court issued a written decision denying the motion on three grounds: untimeliness, res judicata, and waiver by guilty plea.

{¶ 5} APPELLANT now appeals, pro se, raising four assignments of error for review:

{¶ 6} Assignment of Error No. 1:

{¶ 7} TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE APPELLANT'S MOTION WHERE THE APPELLANT MADE THE MERITORIOUS CLAIM THAT HIS GUILTY PLEA WAS NOT KNOWING, INTELLIGENT, OR VOLUNTARY DUE TO THE STATE'S EXCLUSION OF EXCULPATORY EVIDENCE VIOLATING THE APPELLANT'S RIGHT TO DUE PROCESS OF LAW.

{¶ 8} Assignment of Error No. 2:

{¶ 9} TRIAL COURT ABUSED ITS DISCRETION BY DENYING EH [SIC] APPELLANT'S MOTION WHERE THE APPELLANT MADE THE MERITORIOUS CLAIM

THAT HIS GUILTY PLEA WAS NOT KNOWING, INTELLIGENT, OR VOLUNTARY DUE TO TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO HIS FAILURE TO INVESTIGATE, THUS VIOLATING HIS SIXTH AMENDMENT RIGHTS AND DUE PROCESS OF LAW.

{¶ 10}    Assignment of Error No. 3:

{¶ 11}    TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE APPELLANT'S MOTION WHERE THE APPELLANT MADE THE MEIRTORIOUS [SIC] CLAIM THAT HIS GUILTY PLEA WAS NOT KNOWING, INTELLIGENT, OR VOLUNTARY WHEN IT MADE ITS DECISION TO DENY THE APPELLANT'S CLAIM DUE TO THE PROCEDURAL BAR OF RES JUDICATA.

{¶ 12}    Assignment of Error No. 4:

{¶ 13}    TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE APPELLANT'S MOTION WHERE THE APPELLANT MADE THE MERITORIOUS CLAIM THAT HIS GUILTY PLEA WAS NOT KNOWING, INTELLIGENT, OR VOLUNTARY WHEN IT MADE ITS DECISION TO DENY THE APPELLANT'S CLAIM DUE TO A GUILTY PLEA WAIVER.

{¶ 14}    Before addressing the merits of appellant's assigned errors, we first address both parties' pending motions.  Appellee failed to file a brief within the deadline imposed by the scheduling order and then moved this court to file its brief instanter several weeks after the deadline.  Appellant then moved this court to strike appellee's brief for an undue delay in filing.  Appellee's motion is denied and its brief will not be considered.  Appellant's motion is denied as moot.

{¶ 15}    Turning to appellant's assignments of error, appellant contends the trial court abused its discretion when it denied his motion to withdraw his guilty plea.  Appellant argues that he suffered a manifest injustice because the prosecutor withheld two documents during discovery: the original traffic accident report and his brother's original death certificate.

These documents were material, appellant argues, because the original report recorded appellant as both the vehicle operator and the sole fatality from the crash and the original death certificate listed his brother as the vehicle operator. Appellant claims the omission of these documents prejudiced him because he would not have pled guilty if he had known of the existence of these documents.

{¶ 16} We review the trial court's decision on a postsentence motion to withdraw a guilty plea for an abuse of discretion. *State v. Johnson,* 12th Dist. Butler No. CA2016-07-128, 2017-Ohio-4116, ¶ 10. An abuse of discretion is more than an error of law, it is an attitude of the court that is unreasonable, arbitrary, or unconscionable. *State v. Sturgill*, 12th Dist. Clermont No. CA2014-09-066, 2015-Ohio-1933, ¶ 10.

{¶ 17} Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." In a postsentence motion, the defendant bears the burden of proving he suffered a manifest injustice. *State v. Tringelof*, 12th Dist. Clermont Nos. CA2017-03-015 and CA2017-03-016, 2017-Ohio-7657, ¶ 10. A manifest injustice is a "fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Hobbs*, 12th Dist. Warren No. CA2012-11-117, 2013-Ohio-3089, ¶ 9. Thus, the manifest injustice standard is "an extremely high standard that is allowable only in extraordinary cases." *State v. Miller*, 12th Dist. Clermont No. CA2016-08-057, 2017-Ohio-2801, ¶ 15.

{¶ 18} We begin by noting that appellant's guilty plea waived all constitutional infirmities that occurred prior to the plea, including any error associated with discovery violations, except for the constitutionality of the plea itself. *State v. Moxley*, 12th Dist. Madison No. CA2011-06-010, 2012-Ohio-2572, ¶ 32-33. Pursuant to Crim.R. 11(C), the trial

court must advise the defendant of specific constitutional rights and other nonconstitutional notices to ensure the defendant entered the plea knowingly, intelligently, and voluntarily. *State v. Payne,* 12th Dist. Butler No. CA2015-12-219, 2016-Ohio-5470, ¶ 7-8.

{¶ 19} Appellant has failed to submit a transcript of proceeding from his plea hearing. The reviewing court must presume the "regularity or validity of the lower court's proceeding and affirm" in the absence of a transcript necessary for the resolution of assigned errors. *State v. Williams,* 12th Dist. Clermont No. CA2012-08-060, 2013-Ohio-1387, ¶ 18. Consequently, we must presume the court conducted a proper Crim.R. 11 plea colloquy at the hearing, thereby ensuring the plea was made knowingly, intelligently, and voluntarily.

{¶ 20} Based on the limited evidence in the record and the documents attached to appellant's motion, it appears there was some confusion initially as to which brother operated the vehicle. An investigation ensued to ascertain who was responsible for the collision. One of the police reports, which appellant admits he received in discovery, outlines law enforcement's process in identifying the vehicle operator using conflicting statements from witnesses and crash-scene photographs. Upon completion of the investigation, the death certificate was amended to reflect the results of the investigation.

{¶ 21} By the time he entered the guilty plea, appellant was aware that law enforcement had investigated the collision to resolve some initial confusion as to which brother was the operator of the vehicle. Therefore, appellant cannot establish the omission of these documents rendered his plea less than knowing, intelligent, and voluntary.

{¶ 22} Moreover, the delay of the motion is another factor weighing against any manifest injustice. A trial court may consider the timeliness of the motion when determining if a manifest injustice occurred. An undue delay between the filing of the motion and the reason for withdrawing the plea will negatively impact the credibility of the movant and militate against granting the motion. *State v. Resendiz,* 12th Dist. Preble No. CA2009-04-

012, 2009-Ohio-6177, ¶ 22, *citing State v. Smith*, 49 Ohio St.2d 261, paragraph three of the syllabus (1977). Here, appellant waited until the court terminated his community control and imposed a prison sanction before filing this motion. Thus, appellant waited nearly six years after his conviction to move to withdraw his plea which weighs against granting the motion.

**{¶ 23}** Accordingly, the trial court did not abuse its discretion in deciding that appellant had not suffered a manifest injustice. The trial court did not err denying appellant's Crim.R. 32.1 motion to withdraw his guilty plea.

**{¶ 24}** Next, appellant argues that he received ineffective assistance of counsel because his counsel failed to properly investigate the facts of the case and question discrepancies in the available evidence.

**{¶ 25}** A claim of ineffective assistance of counsel is a proper basis on which to seek a postsentence withdrawal of a guilty plea. *State v. Scott*, 12th Dist. Preble No. CA2018-10-015, 2019-Ohio-1292, ¶ 36; *accord State v. Jordan*, 12th Dist. Warren No. CA2014-04-051, 2015-Ohio-575, ¶ 12. To succeed on this claim, appellant must establish that his counsel's performance was deficient, and but for counsel's errors, there is a reasonable probability appellant would not have pled guilty. *State v. Williams*, 12th Dist. Warren No. CA2009-03-032, 2009-Ohio-6240, ¶ 15. On review, "[c]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at ¶ 16.

**{¶ 26}** Counsel's advice to take a plea deal does not constitute ineffective assistance of counsel. *Sturgill*, 2015-Ohio-1933 at ¶ 20.

**{¶ 27}** In *State v. Murray,* 12th Dist. Brown No. CA2015-12-029, 2016-Ohio-4994, ¶ 28, we addressed a similar claim of counsel's failure to investigate prior to a guilty plea. In that case we decided there was no demonstrable deficiency when counsel actively participated in the case by requesting a bill of particulars and discovery material, and then

negotiating a beneficial plea agreement. *Id.* Here, the record shows that appellant's trial counsel requested a bill of particulars and the disclosure of discovery material from the prosecutor. Also, as part of the plea arrangement, the state permitted appellant to plead guilty to the lesser charge of attempted aggravated vehicular homicide. Appellant knew of the facts in his case and decided to take the plea deal. Again, counsel's advice to take a plea deal does not constitute ineffective assistance of counsel. *Sturgill* at ¶ 20. Therefore, appellant cannot demonstrate that his counsel was constitutionally infirm. Furthermore, the record includes appellant's written guilty plea, bearing his signature, that states, among other things, "I am satisfied with my attorney's advice and competence." Consequently, it was not an abuse of discretion for the trial court to deny his motion on the issue of ineffective assistance of counsel.

{¶ 28} Additionally, appellant contests the trial court's determination that res judicata applies and that his guilty plea waives discovery issues. As discussed above, a guilty plea waives all issues except for the constitutionality of the plea itself, said waiver including discovery issues. *Moxley* at ¶ 32-33. Appellant's alleged discovery issues did not render his plea less than knowing, intelligent, and voluntary.

{¶ 29} Furthermore, this court has repeatedly held the doctrine of res judicata is applicable to claims submitted in support of a motion to withdraw a guilty plea pursuant to Crim.R. 32.1. *State v. Hendrix*, 12th Dist. Butler No. CA2012-05-109, 2012-Ohio-5610, ¶ 11; *State v. Rose*, 12th Dist. Butler No. CA2010-03-059, 2010-Ohio-5669, ¶ 18. Under the doctrine of res judicata,

> a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 10. Essentially, therefore, "[r]es judicata bars a petitioner from 're-packaging' evidence or issues that were or could have been raised in trial or direct appeal." *State v. Statzer*, 12th Dist. Butler No. CA2017-02-022, 2018-Ohio-363, ¶ 15.

{¶ 30} In some instances, competent, relevant, and material evidence presented from outside the trial record may defeat the application of res judicata. *Statzer* at ¶ 16. However, this outside evidence "must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original record" and possess some standard of cogency. *State v. Lawson*, 103 Ohio App.3d 307, 315 (12th Dist.1995).

{¶ 31} To the extent that appellant argues issues and facts related to evidence in the record, his claims are barred by res judicata, because he could have raised them on direct appeal but did not. His arguments that rely on evidence outside the record have been discussed above and determined to be without merit.

{¶ 32} In conclusion, we find no merit to appellant's argument and overrule each of his assignments of error.

{¶ 33} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.