[Cite as *State v. Williams*, 2020-Ohio-5398.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-04-026 |
| | : | O P I N I O N |
| - vs - | | 11/23/2020 |
| | : | |
| LINDSEY M. WILLIAMS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 07CR23884

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Thomas G. Eagle, 3400 N. State Route 741, Lebanon, Ohio 45036, for appellant

**RINGLAND, J.**

{¶1}   Lindsey Williams appeals the decision of the Warren County Court of Common Pleas, which dismissed his petition for postconviction relief.  For the reasons that follow, this court affirms the decision.

{¶2}   In December 2006, law enforcement responded to a disturbance at Williams' residence.  This led to a four and one-half hour standoff between Williams and police

officers, during which Williams fired over 100 rounds towards the officers. While no officer was struck, multiple police cruisers were damaged by weapons fire. Williams was then able to steal a police cruiser and drive away from the residence, while armed. He led police on a lengthy chase involving multiple jurisdictions and police departments. The chase terminated on Interstate 75. Williams emerged from his vehicle, was shot by police, and then arrested.

{¶3} In 2007, a Warren County grand jury indicted Williams on twelve counts of felonious assault, with a seven-year firearm specification attached to each count, one count each of aggravated robbery, inducing panic, improperly discharging a firearm, failure to comply with a police officer, with a three-year firearm specification attached to each count, and four counts of misdemeanor aggravated menacing. Williams pled guilty to the counts and specifications in the indictment. The trial court accepted Williams' guilty plea, found him guilty as charged, and sentenced him to a total of 22 years in prison. This court affirmed Williams' sentence on direct appeal. *State v. Williams*, 12th Dist. Warren No. CA2007-12-136, 2009-Ohio-435, at ¶ 28.

{¶4} Between 2009 and 2013, Williams filed four motions to withdraw his guilty plea. He submitted various arguments in support, including the alleged failure of his trial counsel to obtain video and audio recordings related to the offense, including 9-1-1 calls. The trial court denied each motion. This court dismissed or affirmed all appeals of those decisions.

{¶5} In January 2019, Williams petitioned the court for postconviction relief pursuant to R.C. 2953.21. The petition alleged that Williams had issued pretrial discovery demands to the state, that he was provided with certain responsive materials, but that he was not provided with certain audio recordings of 9-1-1 calls that he placed during the incident. Williams further stated that before trial, the state offered him a plea agreement

consisting of an agreed sentence of 14 years in prison. He rejected that plea offer on the advice of counsel. Subsequently, he pled guilty to all counts and was ordered to serve the 22-year sentence.

{¶6} Williams alleged that in 2016, he issued a public records request to the police agencies involved in the incident for recordings. He then received 10 audio discs that had not been provided to him or mentioned by the state in earlier proceedings. Williams alleged that these recordings were "material" and would have resulted in his defense counsel advising him to accept the state's plea deal. Williams alleged that the state's failure to disclose these records violated his due process rights.

{¶7} Williams attached the affidavit of his trial counsel, William Fowler. In the affidavit, Fowler averred that he had not reviewed any of the newly obtained recordings and other materials, and that if he had, he would have "strongly advised" Williams to take the state's plea offer. Williams also attached his own affidavit and later filed a supplemental affidavit. In those affidavits, Williams averred that, had he been aware of all the state's evidence against him, he would have accepted the state's plea offer. Wilson also submitted all of the newly discovered materials.

{¶8} In its decision denying Williams' petition, the court first addressed Williams' supporting affidavits. With respect to the Fowler affidavit, the court found that certain averments by Fowler constituted his legal conclusions, and facts that were contradicted by other evidence, or facts that were contradicted by the law of the case. With respect to Williams' two affidavits, the court found that Williams' averment that he would have accepted the plea deal if he knew of the newly discovered evidence was "entirely speculative." The court also found that certain averments by Williams contained facts contradicted by other evidence, or facts contradicted by the law of the case.

{¶9} Ultimately, the court determined that Williams' petition and supporting

evidence did not establish substantive grounds for relief. The court found that the recordings and other materials that Williams had obtained was not exculpatory and was not mitigating.[1] The court found that it was equally likely that if the sentencing court had been aware of the additional evidence, then Williams' sentence would have been longer, not shorter. Williams appeals, raising one assignment of error containing three issues for review.

{¶10} Assignment of Error No. 1:

{¶11} THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S PETITION FOR POSTCONVICTION RELIEF AND WITHOUT CONDUCTING AN EVIDENTIARY HEARING.

{¶12} This court reviews a decision denying a motion for postconviction relief under the abuse of discretion standard. *State v. McKelton*, 12th Dist. Butler No. CA2015-10-183, 2016-Ohio-3216, ¶ 5. An "abuse of discretion" implies that the court's decision was unreasonable, arbitrary, or unconscionable. *Id*.

### Issue No. 1:  Affidavits

{¶13} Williams argues that the court erred in rejecting certain averments in the supporting affidavits without sufficiently explaining its rationale. He contends that the alleged lack of detail in the court's decision fails to permit meaningful appellate review. Williams cites *State v. Calhoun*, 86 Ohio St.3d 279, 285 (1999), where the court held that a trial court that discounts the credibility of an affidavit filed in conjunction with a petition for postconviction relief should "include an explanation of its basis for doing so in its findings of fact and conclusions of law, in order that meaningful appellate review may occur."

---

1. The recordings consist of radio communications between responding police agencies, communications between dispatchers and police, cruiser cam footage depicting the police pursuit, and 9-1-1 calls made by Williams, both during the stand-off at his residence and the police chase. In Williams' 9-1-1 call, made during the police chase, Williams was agitated, demanding, and told a dispatcher to keep the police back because he was armed with handguns and rifles.

{¶14} This court finds that the trial court adequately set forth its reasoning in rejecting certain averments in the submitted affidavits. With regard to the Fowler affidavit, the court set forth the specific averments it found or assumed to be true (by identifying them by paragraph number) and specified those averments it found to contain only legal conclusions, or facts not supported by the record, or otherwise contradicted by other evidence and facts.

{¶15} With regard to Williams' affidavits, the court again set forth those specific averments it found and accepted as true, and set forth its reasoning for the rejection of other averments, including the finding that certain averments were speculative, contained facts contradicted by other evidence, and facts that contradicted the law of the case or this court's previous appellate rulings. Consequently, the court provided an explanation of its basis for discounting the credibility of certain averments in the filed affidavits consistent with the standard set forth in *Calhoun* and no error has been demonstrated with respect to this argument.

Issue No. 2: Dismissal of petition for postconviction relief

{¶16} Williams argues that the court erred in denying his motion because he set forth substantive grounds for relief where the petition showed that the state withheld evidence that was "material" to his decision to accept or decline the state's plea offer. *See Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct.1194 (1963). Williams argues that the state committed a *Brady* violation, which resulted in a plea that was less than knowing, intelligent, and informed.

{¶17} R.C. 2953.21 through 2953.23 set forth the means by which a convicted defendant may petition a court for postconviction relief. *McKelton*, 2016-Ohio-3216 at ¶ 6. Distinct from an appeal of a criminal conviction, a petition for postconviction relief is a collateral civil attack on a criminal judgment. *Calhoun*, 86 Ohio St.3d at 281. A person

seeking postconviction relief is not automatically entitled to an evidentiary hearing. *Id.* at 282. Rather, the petitioner must show that there are substantive grounds for relief requiring a hearing as demonstrated by the petition, supporting affidavits, documentary evidence, files, and records pertinent to the case. R.C. 2953.21(D); *State v. Jackson*, 64 Ohio St.2d 107 (1980). Substantive grounds for relief exist where there was a denial or infringement of the petitioner's constitutional rights of a magnitude sufficient to render the judgment void or voidable. R.C. 2953.21(A); *Calhoun* at 282-283.

{¶18} A petition for postconviction relief must also be timely filed pursuant to R.C. 2953.21(A)(2). Williams does not dispute that his petition – filed 11 years after the transcripts were filed in his direct appeal – was untimely under R.C. 2953.21(A)(2).[2] In such cases, R.C. 2953.23 makes a limited exception for consideration of an untimely petition. The trial court may entertain petitions filed after the expiration of the time limit if both of the following apply:

> * * *the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief * * *.
>
> The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner *guilty* of the offense of which the petitioner was convicted * * *.

R.C. 2953.23(A)(1)(a) and (b).[3] (Emphasis added.)

{¶19} Even if this court were to assume that Williams was unavoidably prevented from discovering the various materials upon which he presents his claim, he does not argue that clear and convincing evidence demonstrates that but for the state's alleged *Brady*

---

2. Williams' petition would be untimely whether considered under the current 365-day limitation or the former 180-day limitation in effect at the time of Williams' 2007 guilty plea.

3. The statute contains other exceptions, which are irrelevant for purposes of this analysis.

violation, no reasonable factfinder would have found him guilty. Instead, Williams argues that but for the claimed discovery violation, he would have entered into a negotiated plea agreement and admitted guilt. Thus, Williams' petition, on its face, did not meet the requirements for consideration of an untimely petition for postconviction relief. Accordingly, the trial court would have been justified in dismissing Williams' petition on this basis.

{¶20} Even if this court construed Williams' petition as a postsentence motion to withdraw a guilty plea, the result would not change. Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." In such a motion, the defendant bears the burden of proving he suffered a manifest injustice. *State v. Tringelof*, 12th Dist. Clermont Nos. CA2017-03-015 and CA2017-03-016, 2017-Ohio-7657, ¶ 10. A manifest injustice is a "fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Hobbs*, 12th Dist. Warren No. CA2012-11-117, 2013-Ohio-3089, ¶ 9. Thus, the manifest injustice standard is "an extremely high standard that is allowable only in extraordinary cases." *State v. Miller*, 12th Dist. Clermont No. CA2016-08-057, 2017-Ohio-2801, ¶ 15. This court reviews a decision on a postsentence motion to withdraw a guilty plea for an abuse of discretion. *State v. Johnson*, 12th Dist. Butler No. CA2016-07-128, 2017-Ohio-4116, ¶ 10.

{¶21} Williams argues that the state violated his right to a fair trial and cites *Brady*, where the United States Supreme Court held that due process requires the prosecution to provide, upon the defense's request, evidence favorable to the defense that is material either to guilt or punishment. 373 U.S. 83 at 87-88. However, Williams' guilty plea waived all constitutional infirmities that occurred prior to the plea, including any error associated with discovery violations, except for the constitutionality of the plea itself. *State v. Moxley*,

12th Dist. Madison No. CA2011-06-010, 2012-Ohio-2572, ¶ 32-33.

{¶22} Even if Williams had not waived the ability to challenge constitutional discovery errors, he still has not alleged a *Brady* violation. He is not arguing that the state deprived him of any favorable evidence. He admits as such when he states in his brief that if the state had provided him with the additional evidence, "*which objectively would have merited a longer sentence,*" then he would have "come to the same conclusion the Judge did – *a longer sentence is possible if not likely*" and that he would have accepted the plea agreement. (Emphasis added.)

{¶23} Williams' essential argument is that if he had known the extent of damaging evidence in the state's possession, then he would have recognized how little chance he had to succeed at trial. Furthermore, he would have expected to receive a longer prison sentence than offered in the plea deal and would have accepted the deal rather than plead guilty and let the court use its discretion in imposing a sentence. However, *Brady* only addresses the accused's right to *favorable* evidence.

{¶24} The state cites *United States v. Ruiz*, 536 U.S. 622, 633, 122 S.Ct. 2450 (2002), wherein the United States Supreme Court held that the Constitution does not require the government to disclose exculpatory, material, impeachment evidence prior to entering into a plea agreement with a criminal defendant. The Court explained that by entering a guilty plea, a defendant "forgoes not only a fair trial, but also other accompanying constitutional guarantees." *Id.* at 629. Thus, if the government was not required to disclose *exculpatory* impeachment evidence prior to entering into a plea agreement, then the state here would not be required to disclose *inculpatory and aggravating* evidence prior to entering into a plea agreement.

{¶25} Finally, we note that there is no evidence that the state's alleged failure to turn over the materials caused Williams to suffer any prejudice at sentencing. Williams does not

contend, nor does the record indicate that the sentencing court ever possessed, much less reviewed, the evidence that Williams argues was wrongly withheld. Therefore, there is no evidence that the court's sentencing decision was impacted by the state's alleged failure to disclose the materials. And, as argued by Williams, it is probable that the court's sentence would have been greater had the court reviewed those materials prior to imposing sentence. As such, this court finds that Williams has not set forth a fundamental flaw in the proceedings that resulted in a miscarriage of justice or that was inconsistent with the demands of due process. The trial court did not abuse its discretion in dismissing Williams' petition.

### Issue No. 3. Dismissal of petition without hearing

{¶26} Finally, Williams argues that the court abused its discretion in dismissing his petition without first scheduling an evidentiary hearing. For the reasons just discussed, Williams was not entitled to postconviction relief under the provisions of R.C. 2953.23(A)(1). Therefore, Williams would not be entitled to an evidentiary hearing and the court did not abuse its discretion. This court overrules Williams' sole assignment of error.

{¶27} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.