[Cite as *State v. Daniels*, 2020-Ohio-5564.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-06-065 |
| | : | O P I N I O N |
| - vs - | | 12/7/2020 |
| | : | |
| MARK DANIELS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2011-07-1177

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Mark Daniels, #A734737, Noble Correctional Institution, 15708 McConnelsville Road, Caldwell, Ohio 43724, pro se

**PIPER, J.**

{¶1} Appellant, Mark Daniels, appeals a decision of the Butler County Court of Common Pleas denying his petition for postconviction relief.

{¶2} Daniels pled guilty to a reduced charge of attempted aggravated vehicular homicide and three vehicular assault charges, and in doing so, he admitted to being the driver in the accident that killed his brother and seriously injured occupants in another

vehicle. Daniels was sentenced to community control, which he violated on three separate occasions. The trial court continued Daniels' community control the first two times, but imposed its original ten-year sentence once Daniels violated his community control sanctions a third time. Daniels did not appeal the revocation of his community control or the imposition of his ten-year sentence.

{¶3} Daniels later moved to withdraw his guilty plea, alleging that the state failed to give him exculpatory evidence supporting the possibility that his brother was actually the driver at the time of the accident. Daniels also claimed he received ineffective assistance of counsel because defense counsel failed to file a motion to suppress and failed to investigate the facts of the case. The trial court denied Daniels' motion, and we affirmed the trial court's decision. *State v. Daniels*, 12th Dist. Butler No. CA2018-10-194, 2019-Ohio-2274.

{¶4} Daniels then filed a pro se motion to vacate his sentence according to R.C. 2953.21, which the trial court treated as a petition for postconviction relief. The trial court denied the petition, and Daniels now appeals that decision, raising several assignments of error. Daniels' assignments of error collectively assert that the trial court abused its discretion in denying his petition for postconviction relief.

{¶5} R.C. 2953.21 through 2953.23 set forth the process whereby a convicted defendant may petition a court for postconviction relief. *State v. Williams*, 12th Dist. Warren No. CA2020-04-026, 2020-Ohio-5398. A petition for postconviction relief must be timely filed pursuant to R.C. 2953.21(A)(2), which means before the expiration of 365 days after "the date on which the trial transcript is filed in the court of appeals" or 365 days "after the expiration of the time for filing the appeal" if no appeal is taken. It is undisputed that Daniels failed to abide by the timeframe set forth in the statute, as he waited approximately six years after his convictions to file his petition for postconviction relief.

{¶6} However, R.C. 2953.23 makes a limited exception for consideration of an untimely petition where (1) "the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief * * *," and (2) "the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."

{¶7} This court reviews a decision denying a motion for postconviction relief using the abuse of discretion standard. *State v. McKelton*, 12th Dist. Butler No. CA2015-10-183, 2016-Ohio-3216. An "abuse of discretion" implies that the court's decision was unreasonable, arbitrary, or unconscionable. *Id.*

{¶8} After reviewing the record, we find no abuse of discretion in the trial court's denial of Daniels' petition for postconviction relief. First, Daniels is unable to show that he was unavoidably prevented from discovering the facts he relied upon in presenting his claim for relief. The record demonstrates that Daniels was fully aware of the police investigation into the accident, including who was driving at the time of the accident, before he pled guilty to the charges and within the timeframe in which he could have timely petitioned for postconviction relief.[1]

{¶9} Daniels included with his petition copies of the documents relevant to the police investigation, including the crash report, his medical records, pertinent statements of

---

1. As we noted in our decision affirming the trial court's denial of Daniels' motion to withdraw his guilty plea, "based on the limited evidence in the record and the documents attached to appellant's motion, it appears there was some confusion initially as to which brother operated the vehicle. An investigation ensued to ascertain who was responsible for the collision. One of the police reports, which appellant admits he received in discovery, outlines law enforcement's process in identifying the vehicle operator using conflicting statements from witnesses and crash-scene photographs. Upon completion of the investigation, the death certificate was amended to reflect the results of the investigation. By the time he entered the guilty plea, appellant was aware that law enforcement had investigated the collision to resolve some initial confusion as to which brother was the operator of the vehicle. Therefore, appellant cannot establish the omission of these documents rendered his plea less than knowing, intelligent, and voluntary." *State v. Daniels*, 12th Dist. Butler No. CA2018-10-194, 2019-Ohio-2274, ¶ 19-20.

medical personnel, and photographs of the scene. However, he did not demonstrate that he was unavoidably prevented from obtaining the same documents before he pled guilty, or within 365 days after he chose not to appeal.

{¶10} Instead, Daniels waited approximately six years after the accident to begin to collect the documents, and did so only after he violated community control three times and eventually began serving his prison term. Daniels gives no indication as to why he did not pursue the information, other than he had a head injury because of the accident and his mother began to convince him that he was not the driver once he began his prison sentence.

{¶11} However, Daniels' medical injuries would not have precluded him from accessing documents when he was fully aware that the police were specifically investigating to determine who was driving at the time of the accident. There is no indication that Daniels did not recover from his injuries within the year after his conviction. Moreover, Daniels had over five years after the accident to listen to his mother, or any others, who raised the possibility that he was not the driver. Evidently, Daniels did not feel the need to more seriously consider the facts and circumstances of the accident until his community control was revoked upon his third violation and he was sentenced to prison.

{¶12} There is no indication in the record that the documents and information were kept from Daniels before or after he pled guilty, and instead, he was able to secure the documents without issue. Thus, his failure to demonstrate that he was unavoidably prevented from obtaining the relevant information precludes the exception to the timeliness requirement of R.C. 2953.21.

{¶13} Moreover, there is no indication that Daniels could show by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offenses to which he pled guilty. While it is undisputed that there was initial confusion as to who was driving at the time of the accident, the photographs, accident reports, and

medical documents provides evidence that Daniels was the driver. Daniels may now be better prepared to advance arguments that attempt to build upon the initial confusion that existed. However, such does not meet the clear and convincing evidence standard required by the statute.

{¶14} In one photograph, Daniels has a long, thin bruise indicating that he was wearing a seatbelt over his left shoulder as the driver of an automobile would do.[2] Photographs taken at the scene also show Daniels' deceased brother still in the car with a label indicating that the brother's body was "held in place by the passenger seat belt." This evidence, along with multiple statements from medical personnel and investigators, as well as Daniels' own statements before he agreed to plead guilty, eliminate the possibility that there is clear and convincing evidence that no reasonable factfinder would have found him guilty.

{¶15} After reviewing the record, we find that the trial court did not abuse its discretion in denying Daniels' petition for postconviction relief. As such, Daniels' assignments of error are overruled.

{¶16} Judgment affirmed.

M. POWELL, P.J., and RINGLAND, J., concur.

---

2. After discussing the injury depicted in the photograph with an investigator, Daniels acknowledged that the evidence indicated he was the driver.