[Cite as *State v. Sanchez*, 2025-Ohio-2101.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO, | : | | |
| Appellee, | : | | CASE NO. CA2024-07-012 |
| - vs - | : | | O P I N I O N<br>6/16/2025 |
| PACIANO SANCHEZ AKA PACIANO<br>SANCHES HERNANDES AKA PEDRO<br>G. SANCHEZ AKA PACIANO DURAN<br>AKA PANTALLIA BLOQURADA AKA<br>PACIANO "PACI" DURAN, | : | | |
| | : | | |
| | : | | |
| Appellant. | : | | |

CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI 2011-5265

Brian A. Shidaker, Clinton County Prosecuting Attorney, for appellee.

Paciano Sanchez, pro se.

**PIPER, J.**

{¶ 1} Appellant, Paciano Sanchez aka Paciano Sanches Hernandes aka Pedro G. Sanchez aka Paciano Duran aka Pantallia Bloqurada aka Paciano "Paci" Duran (hereinafter, "Sanchez"), appeals the decision of the Clinton County Court of Common Pleas denying his postsentence motion to withdraw his guilty plea brought pursuant to Crim.R. 32.1. For the reasons outlined below, we affirm the trial court's decision.

{¶ 2} On November 29, 2011, the Clinton County Grand Jury indicted Sanchez for the kidnapping and murder of Christina Lynn Hill. Approximately three months later, on February 17, 2012, Sanchez, in the presence of his trial counsel, and with the assistance of two English to Spanish interpreters, pled guilty to aggravated murder in violation of R.C. 2903.01(B), a special felony, and kidnapping in violation of R.C. 2905.01(A)(3), a first-degree felony, for which the trial court sentenced Sanchez to serve an agreed and recommended sentence of life imprisonment without the possibility of parole.

{¶ 3} Over 12 years later, on June 21, 2024, Sanchez filed a motion to withdraw his guilty plea. Sanchez filed this motion pursuant to Crim.R. 32.1. The trial court denied Sanchez's motion in an entry filed on July 1, 2024. In so doing, the trial court stated:

> The record reflects Defendant was sentenced to serve an **agreed and recommended sentence of mandatory life in prison WITHOUT THE POSSIBILITY OF PAROLE**. The court advised defendant of his direct right to appeal the Judgment Entry of Sentence through his interpreter. No direct appeal was timely filed. The Court finds inaccuracies in the latest filings of defendant who now seeks to relitigate issues over a decade after the court accepted his pleas of guilty and sanctioned defendant.

(Bold text in original.)

{¶ 4} On July 29, 2024, Sanchez filed a notice of appeal. Following briefing, on May 14, 2025, the matter was submitted to this court for consideration. Sanchez's appeal now properly before this court for decision, Sanchez has raised four assignments of error for review. In his four assignments of error, Sanchez challenges the trial court's decision to deny his Crim.R. 32.1 motion to withdraw his guilty plea. Finding no error in the trial court's decision, Sanchez's appeal will be denied.

{¶ 5} "Crim.R. 32.1 provides that a trial court may grant a defendant's post-

sentence motion to withdraw a guilty plea to 'correct a manifest injustice.'" *State v. Straley*, 2019-Ohio-5206, ¶ 13. "A defendant bears the burden of establishing the existence of manifest injustice." *State v. Romero*, 2019-Ohio-1839, ¶ 13. A "manifest injustice" is a "clearly or openly unjust act" that relates to a "fundamental flaw" in the plea proceedings that results in a "miscarriage of justice." *Straley* at ¶ 14. "The requirement of demonstrating a manifest injustice is designed to discourage a defendant from pleading guilty to test the weight of the potential reprisal, and later attempting to withdraw the plea if the sentence was unexpectedly severe." *State v. Williams*, 2013-Ohio-1387, ¶ 13 (12th Dist.). "This sets forth an extremely high standard that is allowable only in extraordinary cases." *State v. Miller*, 2017-Ohio-2801, ¶ 15 (12th Dist.).

**{¶ 6}** This court reviews a trial court's decision on a Crim.R. 32.1 postsentence motion to withdraw a guilty plea under an abuse-of-discretion standard. *Romero*. An abuse of discretion has been defined as "conduct that is unreasonable, arbitrary or unconscionable." *State v. Beasley*, 2018-Ohio-16, ¶ 12. "A decision is unreasonable where a sound reasoning process does not support it." *State v. Miller*, 2016-Ohio-7360, ¶ 7 (12th Dist.). "A decision is arbitrary if it is made without consideration of or regard for facts or circumstances." *State v. Hill*, 2022-Ohio-4544, ¶ 9. "An unconscionable decision may be defined as one that affronts the sense of justice, decency, or reasonableness." *State v. Longworth*, 2021-Ohio-4538, ¶ 26 (12th Dist.). "When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court." *State v. Williams*, 2021-Ohio-2717, ¶ 11 (12th Dist.).

**{¶ 7}** Sanchez argues the trial court erred by denying his motion to withdraw his guilty plea for three reasons. Sanchez initially argues the trial court erred by denying his motion because his plea was not knowingly, intelligently, and voluntarily entered when

considering he "does not understand nor speak the English language." Sanchez next argues the trial court erred by denying his motion because the trial court never properly administered an oath or affirmation to the two English to Spanish interpreters that were provided to him at his plea hearing. Sanchez lastly argues the trial court erred by denying his motion because his trial counsel provided him with ineffective assistance of counsel. However, rather than raising these issues in a timely filed direct appeal, Sanchez instead waited over 12 years before raising these claims as part of a motion to withdraw his guilty plea.

{¶ 8} "'An undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'" *State v. Worthington*, 2015-Ohio-3173, ¶ 40 (12th Dist.), quoting *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph three of the syllabus. The fact that Sanchez waited over 12 years before filing his motion to withdraw his guilty plea clearly militates against granting Sanchez's motion. *See, e.g., State v. Ramirez*, 2019-Ohio-3050, ¶ 32 (12th Dist.) (appellant waiting nearly seven years before filing his motion to withdraw militated against granting appellant's motion); *State v. Daniels*, 2019-Ohio-2274, ¶ 22 (12th Dist.) ("appellant waited nearly six years after his conviction to move to withdraw his plea which weighs against granting the motion"); *State v. Robinson*, 2013-Ohio-5672, ¶ 19 (12th Dist.) (appellant waiting four years after his conviction to move to withdraw his plea "clearly militates against" granting appellant's motion to withdraw).

{¶ 9} This is only compounded by the fact that Sanchez failed to submit a transcript of his plea hearing to this court for review. "[T]he appellant has a duty to provide a transcript for appellate review." *State v. McDonald*, 2014-Ohio-989, ¶ 17 (12th Dist.).

"Where portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus has no choice but to presume the regularity or validity of the lower court's proceedings and affirm." *State v. Hopper*, 2013-Ohio-5091, ¶ 14 (12th Dist.). Res judicata further bars Sanchez from raising any claims that could have been raised as part of a timely filed direct appeal. *See State v. Ketterer*, 2010-Ohio-3831, ¶ 59. This clearly applies to two, if not all three of Sanchez's claims raised herein. Therefore, given these principles, we find no error in the trial court's decision to deny Sanchez's motion to withdraw his guilty plea brought pursuant to Crim.R. 32.1. Accordingly, finding no error in the trial court's decision, Sanchez's four assignments of error lack merit and are overruled.

{¶ 10} For the reasons outlined above, the trial court did not err by denying Sanchez's motion to withdraw his guilty plea upon finding he failed to establish a manifest injustice as required by Crim.R. 32.1. A defendant should be permitted to withdraw his or her plea only in extraordinary cases. This is not one of those cases. Therefore, finding no error in the trial court's decision, Sanchez's appeal is denied.

{¶ 11} Judgment affirmed.

HENDRICKSON, P.J., and BYRNE, J., concur.