[Cite as *State v. McKelton*, 2016-Ohio-3216.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-10-183 |
| | : | O P I N I O N |
| - vs - | | 5/31/2016 |
| | : | |
| CALVIN MCKELTON, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2010-02-0189

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Calvin McKelton, #A638877, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se

**RINGLAND, J.**

{¶ 1} This cause is an appeal by defendant-appellant, Calvin McKelton, from a decision of the Butler County Court of Common Pleas denying his pro se petition for postconviction relief. We affirm the decision of the trial court.

**I. Facts and Procedural History**

{¶ 2} In 2010, McKelton was convicted and sentenced to death for the murders of

Margaret Allen and Germaine Lamar Evans. The facts and procedural history underscoring McKelton's convictions were relayed in this court's prior opinion affirming the denial of his first petition for postconviction relief. *State v. McKelton*, 12th Dist. Butler No. CA2015-02-028, 2015-Ohio-4228 (*McKelton I*). McKelton strangled Allen, an attorney with whom he was romantically involved, following an argument. Evans, a possible witness to the murder and accomplice in disposing of the body, was found shot in the back of the head after being contacted by law enforcement during their investigation into Allen's death.

{¶ 3} Following a lengthy jury trial, McKelton was found guilty. The direct appeal of his conviction and capital sentence remains pending before the Ohio Supreme Court. *State v. McKelton*, No. 2010-2198. McKelton timely sought postconviction relief in December 2011, amending his initial petition four times to assert a total of 34 grounds for relief. The trial court denied the motion without a hearing, and this court affirmed. McKelton's appeal of our decision also remains pending before the Ohio Supreme Court. *State v. McKelton*, No. 2015-1917.

{¶ 4} In October 2015, just one day after we affirmed the denial of McKelton's initial petition for postconviction relief, McKelton filed a successive petition. Once again, the trial court summarily denied relief. This appeal followed.

## II. Analysis

### A. Standard of Review

{¶ 5} We review a trial court's decision denying a motion for postconviction relief under an abuse of discretion standard. *State v. Simon*, 12th Dist. Butler No. CA2014-12-255, 2015-Ohio-2989, ¶ 11. An abuse of discretion connotes more than an error of law or judgement. *State v. Thompson*, 141 Ohio St.3d 254, 2014-Ohio-4751, ¶ 91. Rather, the term implies that the court's decision was unreasonable, arbitrary, or unconscionable. *Id.*

- 2 -

**B. The Law Governing Postconviction Relief**

{¶ 6} R.C. 2953.21 through 2953.23 set forth the means by which a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief. *State v. Hibbard,* 12th Dist. Butler No. CA2013-03-051, 2014-Ohio-442, ¶ 21. Distinct from an appeal of a criminal conviction, a petition for postconviction relief is a collateral civil attack on a criminal judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 1999-Ohio-102. It does not represent a second occasion to litigate one's conviction. *State v. Ibrahim*, 10th Dist. Franklin No. 14AP-355, 2014-Ohio-5307, ¶ 8.

{¶ 7} R.C. 2953.21 sets forth the general guidelines for postconviction relief and provides that petitions must be filed within 180 days[1] of the date on which the trial transcript is filed in the direct appeal. R.C. 2953.21(A)(2); *Hibbard at* ¶ 21. If a defendant fails to file his petition within the prescribed time period, R.C. 2953.23(A)(1)(a) permits the trial court to entertain an untimely motion for postconviction relief so long as the petitioner demonstrates either: (1) he was unavoidably prevented from discovering the facts necessary to assert his claim for relief, or (2) he is invoking a new federal or state right recognized by the United States Supreme Court that is retroactively applicable to persons similarly situated. R.C. 2953.23(A)(1)(a); *State v. Kent*, 12th Dist. Preble No. CA2013-05-003, 2013-Ohio-5090, ¶ 12.

{¶ 8} If the petitioner satisfies one of these threshold requirements, he must then offer clear and convincing evidence demonstrating that, but for the constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. R.C. 2953.23(A)(1)(b); *Hibbard* at ¶ 22.

---

1. Effective March 23, 2015, this deadline was extended to 365 days. 2014 Am.Sub.H.B. No. 663.

{¶ 9} A person seeking postconviction relief is not automatically entitled to an evidentiary hearing. *Calhoun*, 86 Ohio St.3d at 282-283. Rather, the petitioner must show that there are substantive grounds for relief requiring a hearing as demonstrated by the petition, supporting affidavits, documentary evidence, files, and records pertinent to the case. *See* R.C. 2953.21(C); *State v. Jackson*, 64 Ohio St.2d 107, 110 (1980). Substantive grounds for relief exist where there was a denial or infringement of the petitioner's constitutional rights of a magnitude sufficient to render the judgment void or voidable. *See* R.C. 2953.21(A); *Calhoun* at 282-283.

### C. The Merits of the Present Appeal

{¶ 10} In appealing the denial of his successive petition for postconviction relief, McKelton submits three assignments of error for our review. For ease of analysis, we shall address them slightly out of order.

{¶ 11} Assignment of Error No. 2:

{¶ 12} THE TRIAL COURT ERRED IN DISMISSING MCKELTON'S POST-CONVICTION PETITION WHEN HE PRESENTED SUFFICIENT OPERATIVE FACTS TO MERIT RELIEF OR, AT MINIMUM [SIC], AN EVIDENTIARY HEARING.

{¶ 13} McKelton's second assignment of error challenges the trial court's denial of his successive motion for postconviction relief without a hearing, though his pro se appellate brief offers sparse argument in support. Instead, McKelton refers this court back to the motion itself, generally asserting that the arguments presented therein and attendant exhibits present sufficient evidence of constitutional error warranting relief or, at a minimum, a hearing.

{¶ 14} McKelton does not ask the court to entertain his untimely petition because the United States Supreme Court recognized some right retroactively applicable to his case. Rather, his arguments are premised upon the other threshold requirement for belated

- 4 -

postconviction relief, namely, that he was unavoidably prevented from discovering the facts necessary to posit his current claims for relief. R.C. 2953.23(A)(1)(a). We have thoroughly reviewed the seven exhibits affixed to McKelton's successive petition for postconviction relief. None present evidence adequate to satisfy this threshold requirement for disturbing a criminal conviction under R.C. 2953.23.

{¶ 15} Exhibits one, two, and three merely duplicate exhibits attached to McKelton's initial petition. These exhibits were thus incorporated into the record prior to the petition underlying the present appeal. Exhibit four appears to be a letter from a forensic handwriting analyst authenticating exhibit three, a five-page handwritten letter with no signature. As stated, exhibit three was attached to McKelton's initial petition and thereby incorporated into the record. Authentication of this exhibit does little to support McKelton's current petition or otherwise warrant relief.

{¶ 16} The remaining exhibits reference proceedings against other inmates who received reduced sentences on their respective charges subsequent to testifying against McKelton at trial. Without stating a direct connection in his appellate brief, McKelton implies that these witnesses were given favorable treatment in exchange for their testimony. We rejected the same speculative intimations in our decision affirming the trial court's denial of McKelton's first postconviction petition. *McKelton I*, 2015-Ohio-4228 at ¶ 17. Indeed, the proceedings against these men were referenced in exhibits attached to McKelton's initial petition. None qualify as newly-discovered evidence.

{¶ 17} In view of the fact that McKelton's successive petition for postconviction relief was not based upon new evidence previously inaccessible to him, his proffered arguments are barred by the doctrine of res judicata. *State v. Gann*, 12th Dist. Butler No. CA2004-01-028, 2005-Ohio-678, ¶ 11 (res judicata precludes a convicted defendant who was represented by counsel from raising an issue that was or could have been raised either

before the conviction or on direct appeal). Moreover, because the successive petition failed to satisfy either the timeliness requirement of R.C. 2953.21 or the R.C. 2953.23 exceptions to the timeliness requirement, the trial court lacked jurisdiction to consider the merits of the petition. *State v. Strunk*, 12th Dist. Butler No. CA2010-09-085, 2011-Ohio-417, ¶ 14.

{¶ 18} McKelton's second assignment of error is overruled.

{¶ 19} Assignment of Error No. 1:

{¶ 20} THE TRIAL COURT ERRED WHEN IT DENIED THE PRO-SE POST-CONVICTION PETITION WITHOUT FIRST ALLOWING MCKELTON TO CONDUCT DISCOVERY.

{¶ 21} Amidst a series of motions filed in the wake of his conviction, McKelton moved for leave to conduct discovery. In his first assignment of error, McKelton decries the trial court's failure to allow him to conduct discovery prior to denying his successive petition for postconviction relief.

{¶ 22} We have already considered and rejected McKelton's challenge to the propriety of the trial court's decision denying him leave to conduct discovery. In *McKelton I*, we noted that the statutory scheme governing postconviction relief does not entitle a petitioner to conduct discovery. *McKelton I*, 2015-Ohio-4228 at ¶ 41; *State ex rel. Love v. Cuyahoga Cty. Prosecutor's Office*, 87 Ohio St.3d 158, 159, 1999-Ohio-314. *See also State v. Steffen*, 70 Ohio St.3d 399, 410, 1994-Ohio-111 ("postconviction state collateral review itself is not a constitutional right, even in capital cases"); *State v. Byrd*, 145 Ohio App.3d 318, 332 (1st Dist.2001).

{¶ 23} Nonetheless, our decision in *McKelton I* opined that discovery may be proper where a petitioner sets forth operative facts outside the record that reveal a constitutional error in his or her case. *McKelton I* at ¶ 41, citing *State v. Lawson*, 12th Dist. Clermont No. CA2011-07-056, 2012-Ohio-548, ¶ 18. As discussed in our disposition of McKelton's second

assignment of error, however, the documentary evidence appended to McKelton's successive petition did not meet this standard. Accordingly, the trial court did not abuse its discretion in declining to grant leave to conduct discovery. *State v. Stojetz,* 12th Dist. Madison No. CA2009-06-013, 2010-Ohio-2544, ¶ 75.

{¶ 24} McKelton's first assignment of error is overruled.

{¶ 25} Assignment of Error No. 3:

{¶ 26} INEFFECTIVE ASSISTANCE OF APPELLANT COUNSEL. [SIC]

{¶ 27} While the petition underlying the case sub judice is being pursued pro se, McKelton was represented by counsel from the Ohio Public Defender's Office in all proceedings relevant to his initial petition. In his third assignment of error, McKelton claims that he suffered ineffective assistance of appellate counsel due to the deficient and prejudicial representation by his attorneys in *McKelton I.* In particular, he emphasizes the fact that appellate counsel omitted to assign as error the prosecutors' alleged failure to disclose potentially exculpatory evidence to trial counsel in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194 (1963).

{¶ 28} Of note, "[p]ostconviction review is not a constitutional right but, rather, is a narrow remedy which affords a petitioner no rights beyond those granted by statute." *Ibrahim,* 2014-Ohio-5307 at ¶ 8. Ohio statutory law dictates that an indigent criminal defendant sentenced to death is entitled to appointed counsel in postconviction proceedings. R.C. 2953.21(I)(1). Even so, McKelton's claim of ineffectiveness is not cognizable under the statutory scheme governing said proceedings. R.C. 2953.21(I)(2) provides in pertinent part:

> The ineffectiveness or incompetence of counsel during proceedings under this section does not constitute grounds for relief in a proceeding under this section, in an appeal of any action under this section, or in an application to reopen a direct appeal.

{¶ 29} By implementing this language, the General Assembly evinced its unambiguous

intent to bar collateral attacks on the performance of appointed counsel in postconviction proceedings. *See State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, __ Ohio St.3d __, 2016-Ohio-1002, ¶ 8. Bearing in mind the noncriminal nature of such proceedings, this statutory prohibition accords with the notion that a civil litigant is not entitled to the effective assistance of appointed counsel. As reasoned by Justice Cook writing in concurrence for the Ohio Supreme Court:

> [A] civil litigant should not have two chances to defeat his opponent at trial because the counsel that he originally employed was ineffective. Unlike a criminal defendant, a civil litigant has no constitutional right to the effective assistance of counsel. Accordingly, an unsuccessful civil litigant whose attorney has fallen below the professional standard of representation may recover losses caused by the deficiency in an action for legal malpractice against his attorney, but has no right to subject the opposing party to a new trial.

(Citations omitted.) *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 126, 1997-Ohio-401 (Cook, J., concurring in judgment only).

{¶ 30} A number of Ohio appellate courts have reached the same conclusion. *See, e.g., State v. Brown*, 7th Dist. Mahoning No. 01CA229, 2003-Ohio-3551, ¶ 12-15; *In re Sharf*, 6th Dist. Ottawa No. OT-01-044, 2002-Ohio-5204, ¶ 7; *State v. Sheppard*, 1st Dist. Hamilton No. C-000665, 2001 WL 331936, *2 (Apr. 6, 2001); *State v. Scudder*, 131 Ohio App.3d 470, 474 (10th Dist.1998); *State v. D'Ambrosio*, 8th Dist. Cuyahoga No. 75076, 2000 WL 283079, *1-2 (Mar. 16, 2000). *Accord Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546 (1991).

{¶ 31} We join our sister courts and hold that the Sixth Amendment right to the effective assistance of counsel does not extend to state postconviction relief proceedings. As indicated in R.C. 2953.21(I)(2), an Ohio petitioner is explicitly prohibited from challenging his attorney's performance in pursuit of postconviction relief, regardless of whether the argument is asserted at any phase of postconviction relief proceedings or by way of an

application to reopen a direct appeal.

**{¶ 32}** McKelton's third assignment of error is overruled.

### III. Conclusion

**{¶ 33}** Having determined that the submitted arguments lack merit, we conclude that the trial court did not abuse its discretion in denying McKelton's successive petition for postconviction relief.

**{¶ 34}** Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.