[Cite as *State v. Payton*, 2022-Ohio-2829.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-01-001 |
| | : | O P I N I O N |
| - vs - | | 8/15/2022 |
| | : | |
| DANIEL G. PAYTON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI20040085

Jess C. Weade, Fayette County Prosecuting Attorney, for appellee.

Daniel G. Payton, pro se.


**PIPER, P.J.**

{¶ 1} Appellant, Daniel Payton, was indicted for three counts of aggravated murder, one count of rape, and one count of kidnapping for a series of crimes occurring between February 5 through February 15 of 2004. Payton pled guilty to one count of aggravated murder and one count of kidnapping on February 22, 2006. At that time, he signed a plea form that informed him of the possible sentencing range and other possible sanctions. The plea form also stated that he was subject to postrelease control. In exchange for his guilty

plea, the state agreed to dismiss the death specification, as well as the sexually violent predator specification.

{¶ 2} On March 14, 2006, the trial court entered its judgment entry sentencing Payton to a 20-years-to-life prison term for aggravated murder and 10 years for kidnapping. After making the necessary findings, the trial court ordered those terms be served consecutively. The kidnapping conviction required a period of postrelease control and therefore was imposed for a period of five years. Payton did not file a direct appeal.[1]

{¶ 3} On May 18, 2021, Payton filed a motion to "set aside judgment and vacate plea." The trial court overruled the motion in a written entry stating:

> Defendant has filed a motion for relief from his plea and conviction for Aggravated Murder and Kidnapping. The State has responded on December 8, 2021.
>
> The Court overruled Defendant's request for relief in each particular. [sic] Defendant provides no specific citation to the record, including the plea and sentencing entries, demonstrating any constitutional infirmity nor has he made any motion to withdraw his plea. The Court properly imposed Post Release Control for the Kidnapping sentence. The balance of Defendant's request for relief have previously been addressed by this Court and the appellate process and are res judicata not subject to further review.

{¶ 4} Payton appeals from the trial court's decision, raising a single assignment of error for review:

{¶ 5} THE LOWER COURT COMMITTED PREJUDICAL ERROR IN FAILING TO COMPLY WITH THE LEGISLATURE.

{¶ 6} In his sole assignment of error, Payton alleges the trial court erred in "failing

---

1. This court has previously rejected a petition for postconviction relief from Payton finding his petition untimely and otherwise barred by res judicata. *State v. Payton*, 12th Dist. Fayette No. CA2017-05-009 (Dec. 11, 2017) (Accelerated Calendar Judgment Entry).

to comply with the legislature" when it denied his motion.[2]  Payton's motion is properly construed as a petition for postconviction relief.  *State v. Knowles*, 10th Dist. Franklin No. 15AP-991, 2016-Ohio-2859, ¶ 12 (motions to correct or vacate a sentence may properly be construed as petitions for postconviction relief).

{¶ 7}  A postconviction proceeding is not an appeal of a criminal conviction, but rather, is a collateral civil attack on a criminal judgment.  *State v. Dillingham*, 12th Dist. Butler Nos. CA2012-02-037 and CA2012-02-042, 2012-Ohio-5841, ¶ 8.  "In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard."  *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 10, citing *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 15.  For this court to find an abuse of discretion we must find more than an error of judgment; we must find that the trial court's ruling was unreasonable, arbitrary, or unconscionable.  *Id.*  Furthermore, a reviewing court will not overrule the trial court's finding on a petition for postconviction relief where the finding is supported by competent and credible evidence.  *Wagers* at ¶ 15.

{¶ 8}  R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed no later than 365 days after the date on which the trial transcript is filed with the court of appeals in the direct appeal, or, if a direct appeal was not pursued, 365 days after the expiration of the time in which a direct appeal could have been filed.[3]  Here, Payton did not file his motion until well beyond the expiration date.  The trial court entered its sentencing entry on March 14, 2006, which he did not directly appeal.  His motion was filed on May 18,

---

2. In his brief, Payton argues that he was not subject to postrelease control for aggravated murder, but omits discussion of his conviction for kidnapping.

3. Former R.C. 2953.21(A)(2) required the filing of a petition for postconviction relief within 180 days.  Payton's petition was untimely regardless of whether the former 180-day time limit or the extended 365-day time limit applied.  *State v. Lawwill*, 12th Dist. Warren No. CA2017-03-027, 2017-Ohio-8432, ¶ 17.

2021, which is clearly outside the applicable time period.

{¶ 9}   R.C. 2953.23(A)(1)(a) allows a trial court to entertain an untimely filed petition for postconviction relief if the petitioner demonstrates either: (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief; or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in the petitioner's situation and the petitioner asserts a claim based on that right. If the petitioner is able to satisfy one of these threshold conditions, he must then demonstrate that, but for the constitutional error at trial, no reasonable fact finder would have found him guilty of the offenses of which he was convicted.  R.C. 2953.23(A)(1)(b); *State v. Chattams*, 12th Dist. Butler No. CA2009-01-011, 2009-Ohio-6172, ¶ 17.

{¶ 10} On appeal, Payton argues that the trial court was not authorized to impose postrelease control for aggravated murder.  Therefore, he claims that his sentence is "wholly unauthorized and void."  He further claims that his plea was not knowing, intelligent, or voluntary because the trial court "misinformed" him of "supervision and the specific sanctions for a [sic] 'unclassified' felony."

{¶ 11} Following review, we find Payton's arguments to be without merit.  In this case, Payton has not advanced, nor could he demonstrate, any of the prerequisites for entertaining an untimely petition for postconviction relief.  Payton does not claim he was unavoidably prevented from discovering facts necessary for his claim of relief or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to him.   Nor does he assert that, but for a constitutional error at trial, no reasonable fact finder would have found him guilty of aggravated murder and kidnapping. Therefore, Payton failed to satisfy the requirements necessary to entertain an untimely petition for postconviction relief.

{¶ 12} Furthermore, "[i]t is well-established that a trial court may dismiss a

postconviction relief petition on the basis of the doctrine of res judicata." *State v. Davis*, 12th Dist. Butler No. CA2012-12-258, 2013-Ohio-3878, ¶ 30. "Under res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment." *State v. Kaufhold*, 12th Dist. Butler No. CA2021-03-021, 2021-Ohio-4539, ¶ 15. Here, Payton could have challenged his sentence or the knowing, intelligent, and voluntary nature of his guilty plea in a direct appeal, but failed to do so. He now attempts to challenge his convictions through an untimely petition for postconviction relief, which is not permissible and is barred by the doctrine of res judicata. We also agree with the trial court that Payton was subject to postrelease control for kidnapping, and therefore his arguments regarding the applicability of postrelease control to the crime of aggravated murder are without merit. For all those reasons, Payton's sole assignment of error is overruled.

{¶ 13} Judgment affirmed.

S. POWELL and BYRNE, JJ., concur.