[Cite as *State v. Lindsey*, 2023-Ohio-1846.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-08-006 |
| | : | O P I N I O N |
| - vs - | | 6/5/2023 |
| | : | |
| CARL G. LINDSEY, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case Nos. 97-2015 and 97-2064

Zachary A. Corbin, Brown County Prosecuting Attorney, and Mary McMullen, Assistant Prosecuting Attorney, for appellee.

Carol A. Wright and Herman Carson, for appellant.


**PIPER, J.**

**Conviction and Direct Appeal**

{¶ 1} In 1997, after a trial by jury, appellant Carl Lindsey was found guilty and sentenced to death for the murder of Donald Ray "Whitey" Hoop. On direct appeal, the

Ohio Supreme Court affirmed the guilty finding and death sentence.[1] *State v. Lindsey*, 87 Ohio St.3d 479 (2000), *reconsideration denied*, 88 Ohio St.3d 1438 (2000), *cert. denied*, 531 U.S. 838, 121 S.Ct. 99 (2000).

### First Petition for PCR and Motion for Leave

**{¶ 2}** On September 21, 1998, Lindsey filed a petition for postconviction relief ("PCR"), which was denied by the trial court and affirmed by this court. *State v. Lindsey*, 12th Dist. Brown No. CA2002-02-002, 2003-Ohio-811, *appeal denied*, 99 Ohio St.3d 1453, 2003-Ohio-3396. On April 3, 1999, Lindsey also filed a motion seeking leave to file a motion for a new trial, which was also denied by the trial court and affirmed by this court. *State v. Lindsey*, 12th Dist. Brown No. CA2003-07-010, 2004-Ohio-4407, *appeal denied*, 104 Ohio St.3d 1460, 2005-Ohio-204.

### Federal Habeas Proceedings

**{¶ 3}** On October 10, 2003, Lindsey filed a petition for a writ of habeas corpus in federal court. Following years of amendments to his petition, the federal district court denied habeas relief. *Lindsey v. Warden, Chillicothe Corr. Inst.*, S.D. Ohio No. 1:03-cv-702, 2021 U.S. Dist. LEXIS 134558, at *2 (July 20, 2021).

**{¶ 4}** Thereafter, Lindsey sought reconsideration of the denial of his petition and leave to further amend his petition. In so doing, Lindsey included an argument regarding what he characterized as newly discovered evidence due to the possibility he may have Fetal Alcohol Syndrome Disorder ("FASD"). He further argued that he was denied effective assistance of counsel based on trial counsel's failure to investigate whether he had FASD. Lindsey also moved to include other grounds for relief based on "newly discovered evidence

---

1. A recitation of the facts can be found in the supreme court's opinion and in the two opinions issued by this court. *State v. Lindsey*, 87 Ohio St.3d 479 (2000); *State v. Lindsey*, 12th Dist. Brown No. CA2002-02-002, 2003-Ohio-811; *State v. Lindsey*, 12th Dist. Brown No. CA2003-07-010, 2004-Ohio-4407.

that Mr. Lindsey's trial, appellate, and post-conviction counsel rendered ineffective assistance by failing to timely communicate multiple plea offers from the Brown County Prosecutor's Office, and that Mr. Lindsey's death sentence is unconstitutional as a result."

*Id.*

{¶ 5} The motions for reconsideration and leave were denied by the federal court. Lindsey represents that he appealed the federal district court's decision, and the matter is currently pending before the United States Court of Appeals for the Sixth Circuit.

**Successive Petition for PCR**

{¶ 6} On July 14, 2020, Lindsey filed a successive petition for PCR. As he did in the federal court, Lindsey claimed that he had new mitigating evidence that he suffers from FASD and that his counsel was ineffective for failing to investigate whether he had FASD. He realleged that his death sentence was unconstitutionally imposed due to a breakdown in communication with his former counsel regarding plea offers. He also raised an issue claiming, "new evidence from an expert in bloodstain pattern analysis demonstrates that family practitioner and county coroner Timothy McKinley was unqualified to render his opinion on bloodstain pattern evidence." The state moved to dismiss or deny the petition without a hearing. On July 18, 2022, the trial court dismissed Lindsey's successive petition for PCR without a hearing. The trial court found:

> The Petitioner's claims are barred by Res Judicata.
>
> The Petitioner has failed to show that he was unavoidably prevented from discovering the facts upon which his claims are based.
>
> The Petitioner has failed to show, by clear and convincing evidence, that constitutional error existed at trial or at sentencing. The Petitioner has failed to show, by clear and convincing evidence, that even if constitutional error existed at trial or sentencing, no reasonable fact finder would have found the Petitioner guilty of Aggravated Murder or imposed the death penalty.

The trial court did not assess whether it had jurisdiction to entertain the untimely, successive petition for PCR. Instead, the trial court indicated that FASD "is not newly discovered evidence" and addressed other aspects of the case. The trial court stated that Lindsey's counsel was not ineffective in the mitigation phase of trial or during the negotiation and communication of plea offers. The trial court further stated that Lindsey's arguments concerning blood spatter evidence were barred by res judicata; it then found that Lindsey's claim that his sentence was arbitrary and disproportionate was also barred by res judicata. Lindsey now appeals, raising 11 assignments of error for review.

**Appeal**

{¶ 7} This court will not restate the listed assignments of error, as we do not reach the merits of Lindsey's appeal. Pursuant to R.C. 2953.21(A)(1)(a), a convicted defendant who asserts a denial or infringement of constitutional rights sufficient to render his conviction void or voidable may file a petition asking the court that imposed sentence to vacate the judgment or sentence or to grant other relief. A petitioner who files a petition more than 365 days after the trial transcript was filed in the court of appeals in his direct appeal or who files a successive petition, must satisfy the jurisdictional requirements in R.C. 2953.23(A)(1) or (2) for an untimely, second, or successive petition for postconviction relief. *State v. Bethel,* 167 Ohio St.3d 362, 2022-Ohio-783, ¶ 20.

{¶ 8} R.C. 2953.23(A)(1) authorizes a trial court to address the merits of an untimely or successive petition for postconviction relief only if both of the following apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

- 4 -

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

Whether a trial court has subject-matter jurisdiction to entertain an untimely or successive petition for postconviction relief is a question of law, which we review de novo. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 24.

{¶ 9} A "petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *Id.* at ¶ 36. "This conclusion is independent of, and does not consider, the fact that [a petitioner] previously advanced the same claims in earlier postconviction proceedings." *State v. Orr*, 8th Dist. Cuyahoga No. 111517, 2022-Ohio-4515, ¶ 6, citing *State ex rel. McGirr v. Winkler*, 152 Ohio St.3d 100, 2017-Ohio-8046, ¶ 17.

{¶ 10} In *Hatton*, the supreme court ruled that the trial court and the court of appeals erred by applying res judicata without first determining whether the petitioner satisfied the jurisdictional requirements of R.C. 2953.23(A). *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, ¶ 41. Upon remand, the supreme court instructed the trial court that it must "begin by answering the threshold question—whether [the Petitioner] satisfied the jurisdictional requirements of R.C. 2953.23(A)(1) to file an untimely and successive petition for postconviction relief." *Id.*

{¶ 11} The trial court's decision in this case does not address whether it had jurisdiction to consider the untimely and successive petition for PCR. Although the trial court supported its findings that Lindsey failed to show he was "unavoidably prevented" from discovering facts and that Lindsey failed to show constitutional error, it did so in the

context of applying res judicata and addressing the arguments made in support of the petition, not in the context of assessing its jurisdiction under R.C. 2953.23. *See id.* at ¶ 40.

**Conclusion**

{¶ 12} The trial court's decision does not address the "threshold question" discussed in *Hatton* regarding the jurisdictional requirement set forth in R.C. 2953.23(A). Therefore, we remand this case for the trial court to address the threshold question and determine whether Lindsey has "satisfied the jurisdictional requirements for an untimely and successive petition for postconviction relief under R.C. 2953.23(A)(1) * * *." *Id.* at ¶ 42.

{¶ 13} Judgment reversed and remanded.

HENDRICKSON, P.J., and M. POWELL, J., concur.