[Cite as *State v. Eberle*, 2025-Ohio-2813.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                                  :

    Appellee,                              :          CASE NO. CA2025-01-001

                                 :          <u>OPINION AND</u>
    - vs -                                         <u>JUDGMENT ENTRY</u>
                                 :          8/11/2025

JEFFREY E. EBERLE,                             :

    Appellant.                             :

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2006 CR 00023

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas Horton, Assistant Prosecuting Attorney, for appellee.

The Law Office of Wendy R. Calaway, Co., LPA, and Wendy R. Calaway, for appellant.

**O P I N I O N**

**HENDRICKSON, P.J.**

{¶ 1} Appellant, Jeffrey Eberle, appeals the decision of the Clermont County Court of Common Pleas denying his untimely petition for postconviction relief. For the

reasons outlined below, we affirm the judgment of the trial court.

{¶ 2} In 2006, Eberle was indicted on multiple felony counts arising from the murder of Michael Fish. The indictment included three counts of aggravated murder with death penalty specifications, one count of kidnapping, and one count of aggravated arson.

{¶ 3} On September 18, 2006, Eberle pled guilty to one count of aggravated murder in exchange for the dismissal of the death penalty specifications and remaining charges. During the plea hearing, Eberle entered into an agreed statement of facts, which read in part:

> [T]he parties stipulate that the Defendant, Jeff Eberle, is admitting that on December 15, 2005, in Clermont County, Ohio, he did purposely and with prior calculation, design, cause the death of Michael Fish. The evidence [at] trial would have shown that beginning on December 14, 2005, and continuing into December 15, 2005, the Defendant placed shovels and rakes into his vehicle. The Defendant then drove Jason Evick and Michael Fish to a . . . secluded location in Clermont County, Ohio, luring Michael Fish there under false pretenses. The evidence would have further shown the Defendant then assaulted Michael Fish who died of blunt force trauma caused by the shovel Defendant had brought to the scene.

Eberle was sentenced to life imprisonment with the possibility of parole after 20 years. He did not file a direct appeal.

{¶ 4} On June 24, 2024, Eberle filed a petition for postconviction relief pursuant to R.C. 2953.23, asserting there was newly discovered evidence concerning the witness, Jason Evick. Eberle claimed that Evick received "compensation" in the form of an immunity agreement in exchange for his testimony and that the State failed to disclose this agreement. As a result, Eberle claims the State withheld *Brady* material. Eberle argued that, had he known of the immunity deal, he would not have pled guilty and would

have proceeded to trial.

{¶ 5} On December 23, 2024, the trial court denied the petition without holding an evidentiary hearing. Eberle now appeals, raising the following assignment of error:

{¶ 6} THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S PETITION FOR POSTCONVICTION RELIEF.

{¶ 7} In an appeal of postconviction relief proceedings, the standard of review is generally abuse of discretion. *State v. Payton*, 2022-Ohio-2829, ¶ 7 (12th Dist.). However, whether a trial court has subject-matter jurisdiction to entertain an untimely or successive petition for postconviction relief is a question of law, which we review de novo. *State v. Lindsey*, 2023-Ohio-1846, ¶ 8 (12th Dist.), citing *State v. Apanovitch*, 2018-Ohio-4744, ¶ 24.

{¶ 8} It is undisputed that Eberle failed to file his petition within the time limits set forth in R.C. 2953.21(A)(2)(a). A trial court lacks jurisdiction to consider an untimely petition unless the petitioner satisfies the requirements of R.C. 2953.23(A). *State v. Lawwill*, 2017-Ohio-8432, ¶ 17 (12th Dist.).

{¶ 9} Under R.C. 2953.23(A)(1)(a), a trial court may consider an untimely petition only if the petitioner demonstrates either: (1) he was unavoidably prevented from discovering the facts necessary to assert his claim for relief, or (2) he is invoking a new federal or state right recognized by the United States Supreme Court that is retroactively applicable to persons similarly situated. *State v. McKelton*, 2016-Ohio-3216, ¶ 7 (12th Dist.). If the petitioner satisfies one of these threshold requirements, the petitioner must then offer clear and convincing evidence that, "*but for constitutional error at trial*, no reasonable factfinder would have found the petitioner guilty of the offense of which the

petitioner was convicted." R.C. 2953.23(A)(1)(b) (Emphasis added); *McKelton* at ¶ 8.

{¶ 10} In Eberle's case, he cannot meet the requirement set forth in R.C. 2953.23(A)(1)(b) because his conviction was the result of a guilty plea, not a trial. *State v. Coleman*, 2023-Ohio-4354, ¶ 29 (12th Dist.). By pleading guilty, Eberle admitted guilt to the substantive crime. *State v. McClellan*, 2019-Ohio-5034, ¶ 9 (12th Dist.). As such, he has no basis to claim that a reasonable factfinder would not have found him guilty but for constitutional error at trial. *State v. Davis*, 2022-Ohio-4767, ¶ 29 (6th Dist.); *State v. Liles*, 2022-Ohio-1713, ¶ 12 (3d Dist.); *State v. Lewis*, 2013-Ohio-1327, ¶ 8 (4th Dist.); *State v. Clark*, 2008-Ohio-194, ¶ 18 (5th Dist.); *State v. Battigaglia*, 2021-Ohio-1781, ¶ 17 (7th Dist.); *State v. Moore*, 2003-Ohio-4819, ¶ 16 (8th Dist.); *State v. Demyan*, 2012-Ohio-3634, ¶ 4 (9th Dist.); *State v. Hairston*, 2013-Ohio-3834, ¶ 8 (10th Dist.); *State v. Pough*, 2004-Ohio-3933, ¶ 17 (11th Dist.).[1]

{¶ 11} On appeal, Eberle contends that the trial court had jurisdiction to consider his petition for postconviction relief, arguing that the jurisdictional requirements under R.C. 2953.23(A) are permissive rather than mandatory. He relies on the statute's language stating that a court "may not entertain" an untimely or successive petition unless the threshold requirements are satisfied. However, Ohio courts have consistently interpreted the phrase "may not" in this context as equivalent to "shall not," thereby making the requirements jurisdictional. *State v. Conway*, 2013-Ohio-3741, ¶ 64 (10th Dist.); *State v. Johnson*, 2013-Ohio-1398, ¶ 21 (5th Dist.). The statutory language does

---

1. The Eighth District recognized a narrow exception to the general rule in *State v. Moon*, 2015-Ohio-1550 (8th Dist.). However, this court has not adopted the holding in *Moon*, and the Eighth District has since clarified that its decision was based on "unique circumstances." *State v. McLin*, 2016-Ohio-302, ¶ 11 (8th Dist.). While we take no position on the decision in *Moon*, we note that no unique circumstances were present in the instant matter.

not confer discretion upon the trial court; rather, it imposes a clear limitation on its authority to act absent compliance with the statutory requirements.

{¶ 12} Because Eberle's conviction resulted from a guilty plea, he cannot meet the statutory requirements for filing an untimely petition. Therefore, the trial court properly denied Eberle's petition for postconviction relief.

{¶ 13} Judgment affirmed.

M. POWELL and SIEBERT, JJ., concur.

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Clermont County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robert A. Hendrickson, Presiding Judge

/s/ Mike Powell, Judge

/s/ Melena S. Siebert, Judge