[Cite as *State v. Smith*, 2025-Ohio-2914.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO, | : | | |
| Appellee, | : | | CASE NO. CA2025-02-012 |
| | : | | OPINION AND |
| - vs - | | | JUDGMENT ENTRY |
| | : | | 8/18/2025 |
| JIMMY RAY SMITH, JR., | : | | |
| Appellant. | : | | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 19 CR 35314

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Jimmy Ray Smith, Jr., pro se.

**O P I N I O N**

**SIEBERT, J.**

{¶ 1} Appellant, Jimmy Ray Smith, Jr., appeals the decision of the Warren County Court of Common Pleas denying his untimely petition for postconviction relief. However, because Smith's convictions resulted from a guilty plea, he cannot meet the statutory

requirements set forth in R.C. 2953.23(A)(1)(b). Accordingly, we affirm the trial court's decision.

## I. Factual and Procedural Background

{¶ 2} On April 8, 2019, Smith was indicted for one count of rape, two counts of gross sexual imposition, two counts of illegal use of a minor in nudity-oriented material or performance, one count of endangering children, and one count of pandering sexual-oriented material involving a minor. Although Smith initially entered a plea of not guilty, he later pled guilty to all seven charges as set forth in the indictment. The trial court found that Smith's plea was entered knowingly, intelligently, and voluntarily, and accepted the plea. On October 10, 2019, Smith was sentenced to an aggregate prison term of 25 years to life. He filed a direct appeal, challenging both the sentence and the voluntariness of his plea. This court overruled his assignments of error and affirmed the trial court's judgment. *State v. Smith*, 2020-Ohio-3074, ¶ 1 (12th Dist.).

{¶ 3} On November 12, 2024, Smith filed a motion to set aside or vacate his conviction and sentence. The trial court construed the motion as a petition for postconviction relief and entered an order denying the petition. Smith now appeals, raising one assignment of error for review.

## II. Law and Analysis

{¶ 4} In his sole assignment of error, Smith argues the trial court erred by denying him "due process of law." In support of this claim, he alleges a conflict of interest between himself and his trial counsel and asserts that he was denied effective assistance of counsel. Smith does not define or elaborate on the nature of the alleged conflict. Instead, he contends that his counsel failed to request discovery or a bill of particulars prior to his guilty plea. Smith further claims that the trial court was aware of the deficient representation because he "complained about the issue."

{¶ 5} In reviewing postconviction relief proceedings, we generally apply an abuse of discretion standard. *State v. Payton*, 2022-Ohio-2829, ¶ 7 (12th Dist.). However, whether a trial court has subject-matter jurisdiction to entertain an untimely or successive petition for postconviction relief is a question of law, which we review de novo. *State v. Lindsey*, 2023-Ohio-1846, ¶ 8 (12th Dist.), citing *State v. Apanovitch*, 2018-Ohio-4744, ¶ 24.

{¶ 6} A petition for postconviction relief must be filed no later than 365 days after the date on which the trial transcript is filed with the court of appeals in the direct appeal, or, if no direct appeal is taken, within 365 days after the expiration of time for filing such an appeal. R.C. 2953.21(A)(2). Smith's petition was filed well beyond this statutory deadline.

{¶ 7} A trial court may consider an untimely petition only if the petitioner demonstrates either: (1) he was unavoidably prevented from discovering the facts necessary to assert his claim for relief, or (2) he is invoking a new federal or state right recognized by the United States Supreme Court that is retroactively applicable to persons similarly situated. R.C. 2953.23(A)(1)(a); *State v. McKelton*, 2016-Ohio-3216, ¶ 7 (12th Dist.).[1] If the petitioner satisfies one of these "threshold requirements," the petitioner must then offer clear and convincing evidence that, "*but for constitutional error at trial*, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." (Emphasis added) R.C. 2953.23(A)(1)(b); *McKelton* at ¶ 8.

{¶ 8} In this case, we need not examine the threshold requirements, as Smith cannot satisfy the second prong under R.C. 2953.23(A)(1)(b). By pleading guilty, Smith admitted to the substantive offenses. *State v. Eberle*, 2025-Ohio-2813, ¶ 10 (12th Dist.).

---

1. Smith does not claim to be asserting a new federal or state right that applies retroactively to his case.

- 3 -

Specifically, because Smith entered a guilty plea, he cannot demonstrate that, but for constitutional error *at trial*, no reasonable factfinder would have found him guilty. This court and others have consistently held that a guilty plea precludes such a claim. *Id.* at ¶ 12; *State v. Davis*, 2022-Ohio-4767, ¶ 29 (6th Dist.); *State v. Liles*, 2022-Ohio-1713, ¶ 13 (3d Dist.); *State v. Lewis*, 2013-Ohio-1327, ¶ 8 (4th Dist.); *State v. Clark*, 2008-Ohio-194, ¶ 18 (5th Dist.); *State v. Battigaglia*, 2021-Ohio-1781, ¶ 17 (7th Dist.); *State v. Moore*, 2003-Ohio-4819, ¶ 16 (8th Dist.); *State v. Demyan*, 2012-Ohio-3634, ¶ 4 (9th Dist.); *State v. Hairston*, 2013-Ohio-3834, ¶ 8 (10th Dist.); *State v. Pough*, 2004-Ohio-3933, ¶ 17 (11th Dist.). In short—no trial ever occurred in this case—an "error" at a nonexistent trial is a logical and legal impossibility.

### III. Conclusion

{¶ 9} Because Smith's convictions resulted from a guilty plea, he cannot meet the statutory requirements for filing an untimely petition for postconviction relief. Accordingly, the trial court properly denied his petition, and Smith's sole assignment of error is overruled.

{¶ 10} Judgment affirmed.

PIPER, P.J., and M. POWELL, J., concur.

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.


_____
/s/ Robin N. Piper, Presiding Judge


_____
/s/ Mike Powell, Judge


_____
/s/ Melena S. Siebert, Judge