[Cite as *State v. Williams*, 2025-Ohio-4985.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                       :

    Appellee,                 :

vs.                             :

CLIFFORD DONTA WILLIAMS,      :

    Appellant.                :

                                :

CASE NO. CA2025-05-036

OPINION AND
JUDGMENT ENTRY
11/3/2025


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR1990-08-0665


Michael T. Gmoser, Butler County Prosecuting Attorney, and John C. Heinkel, Assistant Prosecuting Attorney, for appellee.

Stephen C. Newman, Federal Public Defender, and Joseph E. Wilhelm, Assistant Federal Public Defender, for appellant.


# **O P I N I O N**


**SIEBERT, J.**

{¶ 1} Appellant, Clifford Williams, appeals the decision of the Butler County Court

of Common Pleas dismissing his successive postconviction relief petition for lack of jurisdiction.

{¶ 2}   Williams argues the trial court erred in dismissing his petition because the threshold statutory requirements for consideration of a successive petition for postconviction relief are permissive, not jurisdictional. We disagree. The trial court properly dismissed William's petition for lack of jurisdiction. This court has already considered and rejected the alternative constitutional challenges Williams raises—we decline to reconsider our binding precedent. The trial court only addressed Williams' ineffective assistance of counsel arguments in dicta after concluding it did not have jurisdiction. We decline to analyze this dicta, as it is unnecessary to do so in order to resolve the case before us. We affirm the trial court's dismissal of Williams' petition.

## Procedural Background

{¶ 3}   In 1990, a jury convicted Williams for murdering Wayman Hamilton and assaulting Jeffery Wallace. The trial court sentenced Williams to the death penalty. In the 35 years since Williams' conviction, he has filed numerous motions for a new trial, appeals, and petitions for postconviction relief.[1] They have all been denied and affirmed on appeal.[2] His federal habeas corpus proceeding is pending, but the federal district court stayed that proceeding so that Williams could pursue this successive petition for postconviction relief.

## Law and Analysis

{¶ 4}   In his first assignment of error, Williams argues the trial court erred when it

---

1. The trial court's opinion denying Williams' successive petition for postconviction relief provides a more detailed procedural history. We do not include it here again as it is unnecessary to do so in order to resolve the question before this court.

2. In 2023, Willaims filed an amended postconviction petition, preserving his ability to assert he is ineligible for the death penalty due to serious mental illness. This petition is still pending but is unrelated to the resolution of the successive petition for postconviction relief currently before this court.

held that R.C. 2953.23(A) required the court to dismiss his successive postconviction petition. He argues that the statute's command that a court "may not entertain a . . . second petition or successive petitions for similar relief" unless the petitioner meets specific threshold requirements is not a jurisdictional bar but rather gives courts the discretion to hear such cases. Alternatively, he argues that if the threshold requirements are jurisdictional in nature, then the statute is facially unconstitutional because it violates the Supremacy Clause of the United States Constitution, the Separation of Powers Doctrine, and the "Due Course of Law" and "Open Courts" provisions of the Ohio Constitution. Neither of these arguments have merit.

*The Successive Petition for Postconviction Relief Statute*

{¶ 5} Whether a trial court has subject-matter jurisdiction to entertain an untimely or successive petition for postconviction relief is a question of law, which we review de novo. *State v. Lindsey*, 2023-Ohio-1846, ¶ 8 (12th Dist.), citing *State v. Apanovitch*, 2018-Ohio-4744, ¶ 24.

{¶ 6} As relevant here, an initial petition for postconviction relief must generally be filed within one year of the date the trial transcript is filed in the relevant court. *See* R.C. 2953.21.[3] After the deadline for filing an initial petition for postconviction relief has elapsed, Ohio's statute for second or successive petitions applies. R.C. 2953.23 ("Successive Petition Statute").

{¶ 7} This Successive Petition Statute specifies that a "court may not entertain" a petition filed after the expiration of the deadline for filing an initial petition for postconviction relief unless the petitioner satisfies, as relevant here, both of the following threshold requirements: (1) the petitioner shows the petitioner was unavoidably prevented

---

3. As noted, Williams' amended petition for postconviction relief is pending but unrelated to this successive petition. *See* footnote 2.

from the discovery of facts upon which the claim for relief relies; and (2) the petitioner shows by clear and convincing evidence that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence. *State v. Smith*, 2025-Ohio-2914, ¶ 7 (12th Dist.), citing R.C. 2953.23(A); *State v. McKelton*, 2016-Ohio-3216, ¶ 7-8 (12th Dist.).

{¶ 8} "[A] postconviction proceeding is a collateral civil attack on the judgment, and . . . the right to file a postconviction petition is a statutory right, not a constitutional right." *Apanovitch,* 2018-Ohio-4744, ¶ 35. Therefore, a postconviction petitioner "receives no more rights than those granted by the statute." *Id*. Any right to postconviction relief must arise from the statutory scheme enacted by the General Assembly, including the right to have one's claim heard at all. *Id.* at ¶ 36.

*Threshold Requirements—Discretionary or Jurisdictional?*

{¶ 9} In his first assignment of error, Williams argues the Successive Petition Statute's use of "may" rather than "shall" in the phrase a "court may not entertain" gives the trial court discretion to hear his successive postconviction challenge even if the petitioner does not meet the threshold requirements. This argument ignores the relevant portion of the phrase is actually "may not," rather than just "may." Words matter. This court will not rewrite a statute to "say something it does not." *State v. Babyak*, 2020-Ohio-325, ¶ 13 (12th Dist.). To do otherwise would be an improper judicial encroachment on the General Assembly's exclusive constitutional authority to legislate. *See* Ohio Const., art. II, § 1.

{¶ 10} Williams' argument, based on a lack of careful consideration for the actual language used in the statute, is without merit. The Successive Petition Statute's use of "may not" is equivalent to "shall not," making the threshold requirements jurisdictional. *State v. Eberle*, 2025-Ohio-2813, ¶ 11 (12th Dist.). The Supreme Court of Ohio agrees—

- 4 -

the failure to satisfy the statute's threshold requirements "deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *Apanovitch*, 2018-Ohio-4744, at ¶ 36.

{¶ 11} As the trial court found, Williams did not allege in his petition that he was unavoidably prevented from the discovery of facts on which he now relies. Therefore, Williams does not satisfy the first threshold requirement found R.C. 2953.23(A)(1)(a). This failure means that the trial court had no jurisdiction to decide the merits of his claims.

*Constitutional Arguments*

{¶ 12} Alternatively, Williams argues that if the threshold requirements in the Successive Petition Statute are jurisdictional in nature, then the statute is facially unconstitutional because it violates the Supremacy Clause of the United States Constitution, the Separation of Powers Doctrine, and the "Due Course of Law" and "Open Courts" provisions of the Ohio Constitution. Williams also asserts the Successive Petition Statute is unconstitutional as applied to him based largely on equitable principles.

{¶ 13} As the trial court correctly concluded, this court has already rejected all of these constitutional challenges. *See State v. Lawson*, 2014-Ohio-3554, ¶ 21 (12th Dist.). We decline to reconsider this precedent.

{¶ 14} We overrule Williams' first assignment of error.

*Ineffective Assistance of Counsel*

{¶ 15} In Williams' second assignment of error, he argues the trial court erred when it dismissed his ineffective assistance of counsel claim without granting relief or without holding an evidentiary hearing. However, the trial court did not substantively consider or decide these issues because it properly dismissed the petition for lack of jurisdiction. Although the trial court briefly discussed Williams' ineffective assistance of counsel arguments, it noted it was "purely engaging in dicta" when it did so. Because we act as a

reviewing court, we should not consider for the first time on appeal issues the trial court did not rely on in its decision. *See Cottrell v. Cottrell*, 2014-Ohio-646, ¶ 30 (12th Dist.).

{¶ 16} We find Williams' second assignment of error moot, and it need not be considered.

{¶ 17} Judgment affirmed.

HENDRICKSON , P.J., and BYRNE, J., concur.

## J U D G M E N T   E N T R Y

The first assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robert A. Hendrickson, Presiding Judge

/s/ Matthew R. Byrne, Judge

/s/ Melena S. Siebert, Judge